## JOHN P. ELWELL and others *vs.* THE GRAND STREET AND NEWTOWN RAILROAD COMPANY.

A mortgage upon a railroad not completed at the time the mortgage was executed, in terms conveyed the franchise of the company, and all property to be acquired, describing the road as it was then projected. Before the road was completed, a change was duly made in the route. *Held,* that the mortgage as executed bound the road as built; that the bondholders, to secure whose debts the mortgage was given, acquired a right to have the road, as *built,* sold to pay their bonds; and that purchasers at the foreclosure sale bought, and held, all that the bondholders had a right to have sold.

Although the resolution authorizing the giving of a mortgage, by a railroad company, does not give the president and secretary authority to make so extensive a mortgage as the one in fact executed; yet after the bondholders have advanced their money in good faith, and it has been received and used by the company in constructing its road, this will be deemed a ratification of the contract under which the money was obtained.

ACTION to recover the possession of property purchased by the plaintiffs at a foreclosure sale.

PRATT, J. The plaintiffs claim under a purchase made at a sale on foreclosure of a first mortgage upon a railroad not completed at the time the mortgage was issued. The bondholders under that mortgage advanced their money in good faith and it was received by the company and used in constructing its railroad. The road was described in the mortgage as it was then projected, but before it was completed a change was duly made in the route. The question is whether the mortgage as executed binds the road as built.

The mortgage in terms conveys the franchise of the company, and all property to be acquired. Such mortgages are allowed by the general railroad act, and have been held to convey branch roads not contemplated at the time of the original location, as incident to the principal grant. (25 *Barb.*, 284–308.) The road mortgaged is regarded as an entirety.

To hold that by deviating from the route laid down, the road could be *pro tanto* freed from the lien, would be to announce a very dangerous doctrine. The object of the railroad act is to encourage the construction of necessary public works, and the policy of the law would be departed from by any ruling that should tend to weaken such securities.

It is suggested that the resolution authorizing the mortgage did not give the president and secretary authority to make so extensive a mortgage. But it has been repeatedly held that the receipt and retaining of the moneys is a ratification of the contract under which the money is obtained. (20 *Verm.*, 425. 25 *Ills.*, 336. 12 *N. H.*, 236.) If that is law, the precise extent of the previous authority would seem to be of small importance.

Good faith forbids that a security should be invali-

Elwell *v.* Grand Street and Newtown Railroad Company.

dated after one party has received the full benefit, and can no longer place the other party in as good position as it originally occupied.

I hold, therefore, that the bondholders under this first mortgage acquired a full right to have the road, as *built*, sold to pay their bonds, and the plaintiff (the purchaser) purchased, and now holds all that the bondholders had a right to have sold.

The purchasers under the second mortgage to Randall, took their title with full knowledge of the claim of the plaintiff and his grantors. The rights of the plaintiff had become fixed and absolute before the bringing of this suit, and it is now too late for the defendants to set up a mistake in the first mortgage, and to release and ask to have them reformed.

Neither instrument is ambiguous; and whatever may have been the intent of the parties, as a matter of fact, the law will now give effect to the instruments according as they are written.

The defendants derive their title through the company, subsequent to the giving of the first mortgage and receipt of the money under it — and if the mortgagors are estopped from denying the validity of that first mortgage, the defendants are also estopped from denying it; so that the only question, after all, is, whether the first mortgage, in its terms, covers the piece of railroad in dispute.

As a matter of law, I hold that the terms in that mortgage do cover the road described; from which it follows that the plaintiffs must have judgment as prayed for in their complaint.(*a*)

Judgment for plaintiffs.

[KINGS SPECIAL TERM, January 5, 1874. *Pratt*, Justice.]

(*a*) The above decision was affirmed, at a General Term.