# TEXAS SUPREME COURT REPORTS.

## GALVESTON TERM, 1889.

78 131
84 225
78 131
87 622
78 131
s89 97
L89 379

## T. W. SHIRLEY v. WACO TAP RAILWAY COMPANY ET AL.

### No. 2635.

1. **Tort in Violation of Contract.**—A tort is generally described as a wrong independently of a contract, though it is conceded that a tort may grow out of, make a part of, or be coincident with a contract. The same state of facts between the same parties may admit of an action *ex contractu* or *ex delictu*. In such cases the tort is dependent upon while at the same time independent of the contract.

2. **Same — Allegations Showing Cause of Action.**— Shirley, under contract, was engaged in the construction, etc., of the road of defendant. The defendant put a stop to his work. Suing for damages he alleged the intentional, wrongful, and forcible seizure of his property by the officers of the defendant railway company, while it was on the line of his work and being used in constructing the road; the conversion thereof to their use; the unlawful levy of an attachment in another's name upon his property at their instigation for the alleged purpose of disrupting the contract for the construction of the road. *Held*, these allegations, though connected with the breach of the contract and for which actual damages were sought, also described a tort for which exemplary damages could be given.

3. **Limitations.**—By amended petition October, 1885, recovery was first sought in exemplary damages for a tort alleged as committed April, 1869. *Held*, it was immaterial error to sustain exceptions to the petition, because the action was barred by limitation, which was pleaded.

4. **Construction of Deed Conveying a Railroad and Franchises.**—Whether subsequently acquired property is included in a conveyance executed by a railway company depends upon it being necessary to the enjoyment of the franchise or the operation of the road, in the absence of special description of it in the conveyance.

5. **Same—Case in Judgment.**—A deed of trust by a railway company and a conveyance under it described the property conveyed as "all and singular the chartered rights, privileges, and franchises of every kind granted to the Waco & Northwestern Railway Company by acts of the Legislature of the State of Texas which are now possessed by it or to which it may hereafter become entitled under said acts and the laws of Texas relating to railways, and all other rights and appurtenances." *Held*, the purchaser at a foreclosure sale acquired title to the road as constructed, and did not take the lands donated by the State for the construction.

6. **Limitation Barring Fraud.**—A conveyance was made in June, 1874, by the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company for the lands donated by the State. In June, 1878, the conveyance was attacked as fraudulent by Shirley, a creditor. In November, 1878, he expressly abandoned the charge of fraud. In October, 1881, he revived the charge of fraud. The plea of limitation of two and four years was interposed. *Held*, that in June, 1878, the action was not barred, but having been abandoned it was barred when revived in 1881, such cause of action being barred in four years.

7. **Attack by Simple Contract Creditor Upon Fraudulent Conveyances.**— Under the blended system of law and equity administered in the courts of Texas a

simple contract creditor can maintain a suit to avoid a fraudulent conveyance by his debtor.

8.    Charge — Withdrawing Material Issue. — The allegations of fraud in the conveyance of the road and franchises in February, 1873, being held sufficient, and much testimony having been produced to sustain the specific allegations (see opinion), it was error in the charge of the court to withdraw the issue from the jury.

9.    Evidence of Fraud.—While the sale in 1874 of the land donation as an illegal act, if fraudulent, is barred by limitation, still the sale is competent as a fact upon the alleged prior sale of the road and franchises.

10.    Specific Directions to Court Below. — See decision containing specific instructions as to the further proceedings in the court below—the issue to be tried, and form of judgment upon either finding upon such issue.

APPEAL from McLennan.    Tried below before Hon. B. W. Rimes. The opinion contains a detailed statement of the case.

*E. A. McKinney,* for appellant. — 1.    The petition set out a good cause of action for exemplary damages.    It was error in the court to hold otherwise.    Railway v. Levy, 59 Texas, 549; Carter v. Wallace, 2 Texas, 207; Railway v. Shirley, 54 Texas, 148; 58 Texas, 57, 63; Rich v. Railway, 87 N. Y., 382; Hambrick v. Bryant, 8 Ga., 133; Field. on Dam., pp. 57–59, 61, 403, *et seq.*

2.    The court erred in its instruction to the jury in the following language, in paragraph 7 of the instructions to the jury, the same being the judgment of the court construing the instruments therein mentioned: "The deed in trust from the Waco & Northwestern Railway to Gray and Botts, trustees, and the sale 'thereunder, vested title in the Houston & Texas Central Railway Company to all the property therein conveyed, including the chartered rights, privileges, and franchises of said Waco & Northwestern Railway Company, including also the land donation or certificates therefor of sixteen sections of land to the mile of railroad built."

(1)    Because there are no apt or sufficient words used in said deed in trust to describe said sixteen sections of land donation as being intended to be conveyed to said trustees; and the words therein employed do not express an intention to convey said land donation, and the words therein used do not either describe or convey the same.

(2)    Nor do the words of the advertisement by said trustees, in offering the property conveyed by said deed in trust to be sold, contain apt or sufficient words of description of said sixteen sections of land donation to apprise purchasers that they intended to sell said sixteen sections of land donation.

(3)    Nor do the words of the conveyance of said trustees contain apt or sufficient words of description of said sixteen sections of land donation showing an intention to convey the same, nor do the words used describe or convey said sixteen sections of land donated.    Railway v. Shirley, 45 Texas, 379; 18 Texas, 537; Pasch. Dig., art. 4953; The State v. Railway,

24 Texas, 122; 26 Texas, 323; Norris v. Hunt, 51 Texas, 612; Davis v. Gray, 16 Wall., 338; 112 U. S., 610; Smith v. McCulloch, 104 U. S., 25; Story Eq. Jur., sec. 1040; Jones on Rys., secs. 15, 16, 89, 104, 106, 108, 113, 126, 132, 133, 423; 9 Cent. Law Jour., 66; 2 Am. and Eng. Ry. Cases, 414; 11 Am. and·Eng. Ry. Cases, 299; Freem. on Ex., sec. 285.

3.   The court erred in its instruction to the jury in the following language, a part of subdivision 7 of the same: "And there being no evidence before you of the allegations of fraud in the conveyance, plaintiff can not question the same, and that issue is not submitted to you;" because:

(1)   The same is a charge upon the weight of evidence.

(2)   The instruction decides as a matter of law that there was no evidence of fraud or fraudulent intent, and withdrew that issue from the jury, when the court should have submitted the same to the jury.

(3)   The instruction decides as a matter of law that the evidence introduced and before the jury upon the issue of intent to hinder, delay, and defraud the plaintiff by the acts of defendants through said deed in trust, the conveyance thereunder, and all acts of defendants connected therewith, both before and after their execution, were not sufficient to support the allegations to that issue, when the court should have submitted all the evidence on that issue to the jury under an appropriate instruction, as the plaintiff had shown that he was a creditor of the Waco & Northwestern Railway Company at the dates of the deed in trust and the contract it was to secure.   Briscoe v. Bronaugh, 1 Texas, 340; Drinkard v. Ingram, 21 Texas, 655; Smith v. Boquet, 27 Texas, 512, 515; Allen v. Stephanes, 18 Texas, 671; Castro v. Illies, 22 Texas, 503; Baldwin v. Peet, 22 Texas, 717; Carlton v. Baldwin, 22 Texas, 731; De Leon v. White, 9 Texas, 601; Linn v. Wright, 18 Texas, 336; Ayres v. Duprey, 27 Texas, 607; Chandler v. Von Roder, 24 How., 224; 7 Wall., 302–392; 21 Wall., 616; Pearce v. Railway, 21 How., 441; Perrine v. Canal Co., 9 How., 184; Bump. on Fraud. Con., 19–22, 483; Story Eq. Jur., sec. 186, *et seq.;* Wait's Act. and Def., 420–430; 40 Ga., 628; Goodwin v. Canal Co., 18 Ohio St., 170; 44 Cal., 106; 31 Ind., 283; 7 Pa. St., 681; Pearson v. Railway, 13 Am. and Eng. Ry. Cases, 162, and note; Davis v. Memphis Railway, 22 Am. and Eng. Ry. Cases, 1; Elkins v. Railway, 36 N. J., 295; 15 Am. and Eng. Ry. Cases, 1–61.

4.   The court erred in refusing to instruct the jury, as asked by the plaintiff, as follows:   "If you believe from the evidence that there was fraud in the sale of the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company by Gray and Botts, trustees, you will say so in your verdict.   Fraud will not be presumed, but must be proved.   It may be proved by circumstances.   And you may consider all the facts in evidence before you in determining this question of fraud." The question of fraudulent intent is one exclusively for the jury, and, if

there was any evidence tending to support the allegations to that issue it should have been submitted to the jury. Stegall v. McKellar, 20 Texas, 268.

*R. A. Reeves,* for appellant, in written argument supported the propositions in the brief, and particularly the following:

1. The land donation from the State was not included in the deed of trust from the Waco & Northwestern Railway Company to Gray and Botts, trustees.

2. To convey the land donation the land must be described in the advertisement of the sale as well as in the deed of trust.

3. The question of fraudulent intent is one exclusively for the jury, and if there was any evidence tending to support the allegations to that issue it should have been submitted by the court. The court instructed the jury that there was no evidence of fraud in the conveyance from the Waco & Northwestern Railway Company to Gray and Botts, and refused to submit that issue to the jury. This was error.

4. The statute of limitations would not run in favor of the Central Company or in favor of J. T. Flint & Co., trustees, before the plaintiff had established his demands against the Waco & Northwestern Railway Company. Compton v. Perry, 23 Texas, 423; Reynolds v. Lansford, 16 Texas, 286; Martel v. Somers, 26 Texas, 551; Belt v. Raguet, 27 Texas, 479; 53 Texas, 510, 527; Bump. on Fraud. Con., 546.

The two companies in effect consolidated by agreement, and the deed of trust and sale thereunder and the purchase by the Central Company was the form agreed upon for the consolidation.

*L. C. Alexander,* for appellees.—1. The court did not err in sustaining exceptions to the claim for exemplary damages.

(1) Because the several statements of plaintiff were too vague and uncertain to be the basis for any kind of damages.

(2) The matters set up are simply a reiteration of plaintiff's complaint for breach of contract, and show no facts which would authorize a recovery for exemplary damages. Railway v. Shirley, 54 Texas, 142–148.

2. The appellant has not been prejudiced by sustaining said exceptions.

(1) His former action was held insufficient by this court, and if there be any material difference in the pleadings (we submit there is not) defendants pleaded the statute of limitations of two years, which would have barred a new cause of action.

(2). Notwithstanding the exceptions, the entire evidence on this subject is manifestly before the court, and it appears that the claim of exemplary damages could not be supported by the evidence.

3. The charge of the court complained of, that the deed of trust and

sale under it included also the land donation or certificates therefor of sixteen sections to the mile of railroad built, is correct.

It was competent for the Waco & Northwestern Railway Company to mortgage certificates to be earned in building the railway under the laws of the State, and they are as fully described in the deed of trust in the following language, "and also all and singular the chartered rights, privileges, and franchises of every kind granted to the party of the first part by acts of the Legislature of the State of Texas, which are now possessed by the party of the first part, or to which they may hereafter become entitled under said acts and laws of Texas relating to railroads," as if certificates for land had been specifically mentioned.

The laws of Texas relating to railroads gave sixteen sections to each mile of railroad. The right to build the road and acquire the certificates was a franchise, and passed by the deed of trust and sale thereunder. The "rights they may become hereafter entitled to" manifestly meant the land. 2 Perry on Trusts, secs. 756–759; Railway v. Cowdry, 14 Wall., 459; Davis v. Gray, 16 Wall., 203; Jones on Ry. Securities, secs. 130, 131, 15, 126; Shaw v. Bill, 5 Otto, 10; 1 Wood, 318; 2 Wood, 263; Penneck v. Coe, 23 How., 117; 14 How. Pr. Rep., 531; Railway v. Mellen, 12 Wall., 362; 25 Barb., 284; 7 Am. and Eng. Ry. Cases, 48; Branch v. Jessop, 9 Am. and Eng. Ry. Cases, 558; Pierce v. Emery, 32 N. H.; 484; Dinsmore v. Racine, 12 Wis., 649; 72 Me., 83.

4. The pleadings charged no facts which constituted fraud, although replete with general charges of fraud, combination, and confederacy; and there was no evidence of fraud which required the submission of that issue to the jury. [Supporting this proposition follows an elaborate statement. Its length forbids insertion. See opinion.]

Fraud. Metropolitan v. Railway, — Am. and Eng. Ry. Cases, —, and note.

Charge. Burch v. Smith, 15 Texas, 219; Turner v. Lambeth, 2 Texas, 365; Giddings v. Steele, 28 Texas, 732; Lee v. Hamilton, 12 Texas, 413; Austin v. Talk, 20 Texas, 164; Andrews v. Smithwick, 20 Texas, 111; Railway v. Greenlee, 62 Texas, 344; Cain v. Thomas, 26 Texas, 581; Love v. Wyatt, 19 Texas, 312; Parker v. Leman, 10 Texas, 116; Bond v. Mallow, 17 Texas, 636; McKinney v. Fort, 10 Texas, 220.

5. It remains to present the questions of limitation and laches, acquiescence and estoppel, and the right of a simple contract creditor to maintain a bill to set aside a conveyance for fraud.

(1) Shirley, as to actual damages which he sought to recover, was a mere simple contract creditor, without lien or judgment, and had no right as such to inquire into the validity of an executed contract with and conveyance to the Houston & Texas Central. Cassaday v. Anderson, 53 Texas, 536.

(2) Shirley was cognizant at and before the conveyances in 1873 and

1874 of all the facts upon which he now bases his charge of fraud, and was bound to use diligence in the prosecution of his case to set aside the conveyance for fraud, and was equitably barred from setting up that the sale was fraudulent without recurring to any statute of limitation.

(3) The plea of the directors as to laches was good for the above and further reason that they were not made parties until 1881, during all which time after the sale Shirley had acquiesced in their disavowing the trust which he now seeks to impose upon them. Kerr on Fraud, 305–307, 311, 312; 3 Johns. Ch., 23; 17 Johns. Ch., 437; 40 Cal., 543; 2 Pars. on Con., 782; 2 Pome. Eq., sec. 965.

(4) Shirley is estopped by his conduct and acquiescence in the sale because he was a director of the Houston & Texas Central Railway Company when, on June 11, 1873, the mortgages were authorized—was present at the meeting and a stockholder at the time, was present at the meeting of the directors when the sale under the deed of trust was ratified, and was a stockholder, and expressed the opinion that the mortgage was a good arrangement for the Houston & Texas Central Railway Company, of which he was a director and stockholder—said mortgages being issued to obtain money for the construction and equipment of the Waco & Northwestern division, the bonds based upon which were sold. Shirley made no effort as a stockholder or otherwise to arrest these proceedings. Story's Eq., 1539; Samuel v. Holladay, Woolw., 400; Swain v. Seaman, 7 Wall., 254; Leo v. Railway, 16 Am. and Eng. Ry. Cases, 452; 2 Pome. Eq., secs. 816–819; Kerr on Fraud, 298, 299, 301, 302.

HOBBY, Judge.—This litigation, now for the third time upon appeal, had its origin in a suit brought by the plaintiff, T. M. Shirley, in July, 1870, against the Waco Tap Railway Company, to recover damages for the breach of a written contract by that company, which the parties had entered into for the construction of said company's road from Bremond to Waco, Texas. A trial in February, 1875, resulted in a judgment in favor of Shirley for the sum of $107,682.95, which, upon appeal by the Waco Tap Railway Company, was reversed upon questions not recurring in nor connected with this appeal. It was then decided that Shirley had "an equitable mortgage on the road for the amount found to be due him for money advanced under the terms of the contract." 45 Texas, 376.

Pleadings subsequently filed by the parties alleged other facts and presented questions necessary to be noticed, so that the issues involved in this appeal and their connection with those heretofore determined may be understood.

It is disclosed by the record in this case that within a few weeks after the institution of this suit in July, 1870, among other changes made in the charter of the Waco Tap Railway Company, its name was changed to that of the Waco & Northwestern Railway Company.

In 1871 the Waco & Northwestern Railway Company entered into a written contract with the Houston & Texas Central Railway Company, in which, for the consideration of $600,000, to be secured by deed of trust, and other considerations, the Houston & Texas Central was to complete and furnish the Waco & Northwestern Railway by October 1, 1872. A supplemental contract was entered into between these companies changing the original in some of its provisions; among others, relieving the Waco & Northwestern Railway Company of its obligation to grade and furnish cross-ties, the consideration to the Houston & Texas Central being that the Waco & Northwestern Railway Company should issue to the former company 2000 shares of its capital stock and deliver $100,000 in bonds of the city of Waco, and assign absolutely to the Central all notes, accounts, tax lists, and demands whatever owned by the Waco & Northwestern Railway Company.

In February, 1873, under the terms of the deed of trust executed to secure the payment of the $600,000 above mentioned, the Waco & Northwestern Railway Company was sold and the Central became the purchaser, and a conveyance was executed by the trustees to all of the property of the Waco & Northwestern Railway Company.

By an act of the Legislature of May, 1873, the Waco & Northwestern Railway Company was merged in the Houston & Texas Central Railway Company, no provisions being made for the creditors of the former road by this act of merger.

After the happening of the foregoing events appellant filed an amendment in April, 1876, making the Houston & Texas Central Railway Company a party defendant, and alleged a fraudulent combination entered into between the two companies for the purpose of absorbing all of the property of the Waco & Northwestern Railway Company and illegally transferring it to the Houston & Texas Central Railway Company, with the intention of placing said property and assets beyond the reach of appellant, who was a creditor of the former company.

The acquisition of the Waco & Northwestern Railway by the Houston & Texas Central Railway Company in February, 1873, was charged to have been fraudulent and *ultra vires.* It was also claimed by appellant that the latter company by its acceptance of the act of merger of May, 1873, consolidating the Waco & Northwestern Railway Company with the Houston & Texas Central Railway Company, became liable to the creditors of the former road.

In June, 1878, appellant further amended his pleadings and charged that after the act of merger the directory of the late Waco & Northwestern Railway Company, on the 24th of June, 1874, in fraud of his rights as a creditor of said company, transferred by resolution and deed of conveyance to the Houston & Texas Central Railway Company the land certificates representing the land donation to which the Waco & Northwestern

Railway Company was entitled from the State, aggregating about 500,000 acres of land.

An important feature in its effect upon the rights of appellant is developed at this juncture. The plea of appellant just mentioned, filed June 7, 1878, and alleging the fraudulent assignment of the land donation to the Central on the 24th of June, 1874, was withdrawn by him on the 15th of November, 1878, the record disclosing the fact that it was expressly averred by appellant that he no further relied upon the plea attacking said transfer of the land donation to the Houston & Texas Central Railway Company, but caused his abandonment of the same to be entered of record upon the minutes of the court. The cause thus standing, a trial was had at the November Term, 1878, upon appellant's allegations of a fraudulent acquisition by the Houston & Texas Central Railway Company of the Waco & Northwestern Railway, and the liability of the former to him as a creditor of the latter company, by reason of the act of merger of May, 1873, accepted by the Houston & Texas Central Railway Company, together with appellant's claim for exemplary damages upon the ground of "a fraudulent breach of the contract by the Waco & Northwestern Railway Company, with the malicious intent to oppress." A judgment was again rendered in favor of appellant for actual and exemplary damages aggregating about $100,010.50 against the Houston & Texas Central Railway Company.

From this judgment the Houston & Texas Central Railway Company appealed, and it was reversed upon the ground that the acceptance of the conditions of the act of merger of May, 1873, by the Central did not subject that company to liability for the debts of the Waco & Northwestern Railway Company. The act of merger, it was said, in substance, did not affect the rights of creditors of the last mentioned road, and did not place beyond their reach any of its assets.

The claim for exemplary damages it was also held could not be sustained under the averments of the petition that the "breach of the contract had been committed fraudulently and with a malicious intent to oppress." As actual damages had been recovered for the breach of the contract, to allow a recovery of exemplary damages under these averments would amount to a "double recovery for the same wrong." The rule was, however, recognized of the "right to sue in one action for a breach of contract and for damages for a tort, where both claims grow out of the same transaction and are so connected that they may conveniently and appropriately be litigated together." H. & T. C. Ry. v. Shirley, 54 Texas, 133.

After the disposition made of the second appeal in the manner last mentioned, the plaintiff Shirley on the 10th of November, 1881, by amendment made the directory of the late Waco & Northwestern Railway Company last elected by its stockholders previous to the sale in February,

1873, parties defendant under the statute constituting such directory trustees of the creditors of the sold out road. Pasch. Dig., art. 4916.

The allegations filed, as before stated, by him on June 7, 1878, charging the fraudulent transfer of the land donation, and which were withdrawn and abandoned on November 15, 1878, were revived by appellant in November, 1881, to which the statute of limitation was promptly interposed by the Houston & Texas Central Railway Company.

Again in October, 1885, elaborate amendments were filed by appellant, consolidating his pleadings upon which this trial was had, setting forth the contract for the construction of the Waco & Northwestern Railway from Bremond to Waco; compliance with its stipulations by plaintiff until its breach by said company in April, 1868, as he had previously alleged in his original petition; claiming actual damages in the sum of $150,000. Appellant's pleadings were, as they had been originally, replete with charges of a fraudulent combination between the two companies, entered into for the purpose of defrauding him and to hinder and delay him as a creditor of the Waco & Northwestern Railway Company in the collection of his claim, and "to consolidate, illegally absorb, appropriate, and fraudulently convert and merge to the use and benefit of the Houston & Texas Central Railway Company all of the property, rights, franchises, assets, and the entire corpus and existence of the Waco & Northwestern Railway Company, regardless of law and equity," etc.

"And in pursuance of this purpose said companies entered into the contract of June, 1871, by the terms of which the Houston & Texas Central Railway Company was to construct and equip the road of the Waco & Northwestern Railway Company to Waco by October 1, 1872, in consideration of $600,000 and other considerations, to be secured by deed of trust to be executed by the Waco & Northwestern Railway Company.

"That in October, 1871, these two companies entered into a supplemental contract, changing some of the provisions of the original, among other things relieving the Waco & Northwestern Railway Company of its obligation to grade and furnish cross-ties for said road; the consideration to the Houston & Texas Central Railway Company being that the Waco & Northwestern Railway Company should issue to the Houston & Texas Central Railway Company 2000 shares of its capital stock (the original contract having provided that the Waco & Northwestern Railway Company should issue no more shares of its capital stock without the permission of the Houston & Texas Central Railway Company), and deliver to the Houston & Texas Central Railway Company the bonds of the city of Waco to the amount of $100,000, and to assign absolutely to the Houston & Texas Central Railway Company all notes, accounts, tax lists, and demands whatever owned by the Waco & Northwestern Railway Company. That through the aid of the Waco & Northwestern Railway Company said 2000 shares were obtained from the city of Waco, and transferred to the

Houston & Texas Central Railway Company. That in November, 1872, an election was held of the stockholders of the Waco & Northwestern Railway Company, at which election, by means of its holding a majority of the shares of the capital stock of the Waco & Northwestern Railway Company, the Houston & Texas Central Railway Company elected as a majority of the directors of the Waco & Northwestern Railway Company persons who were its own directors, and that by means of its said directors obtained absolute control and management of the affairs of the Waco & Northwestern Railway Company.

"That the directory of the Waco & Northwestern Railway Company as then constituted intentionally and willfully permitted a default of payment of the $600,000, and that because of said default Gray and Botts, as trustees, did, in February, 1873, sell the property described in said deed in trust to them, being the franchise, road bed, etc., of the Waco & Northwestern Railway Company, and the Houston & Texas Central Railway Company became the purchaser at $400,000."

Renewing the before mentioned abandoned allegations as follows:

"That on June 24, 1874, the late directory of the sold out Waco & Northwestern Railway Company met at Waco, and by resolution and deed of conveyance transferred to the Houston & Texas Central Railway Company all the land and land certificates to which the Waco & Northwestern Railway Company was entitled as a donation from the State of Texas, aggregating about 500,000 acres, which had been located and surveyed by the Houston & Texas Central Railway Company, in the counties of Childress, Cottle, and other counties."

Alleging "that all said before recited acts are fraudulent and void, because, among other things, made and executed with the intention on the part of both appellee companies to hinder, delay, and defraud your petitioner of his just claim against the Waco & Northwestern Railway Company and in the collection of the same; that it reduced the Waco & Northwestern Railway Company to bankruptcy, and the Houston & Texas Central Railway Company is insolvent; that appellant is the principal if not only legal creditor of the Waco & Northwestern Railway Company; that the Houston & Texas Central Railway Company is in possession and holding all the property of the Waco & Northwestern Railway Company through these recited acts of the two companies.

"That the original contract between the two companies was contingent on the ratification of the same by the stockholders of the Waco & Northwestern Railway Company; that the stockholders did ratify said contract, and the resolution of ratification authorized John T. Flint, as president, to execute a deed in trust to secure the payment of the bond, encumbering 'the franchise or charter rights of the Waco & Northwestern Railway Company, road bed, right of way, and other privileges and appurtenances of its railway,' and upon no other property or rights; and that said land

donation from the State of Texas was not included in said deed in trust to Gray and Botts, but the same is now a part of the assets and property of the Waco & Northwestern Railway Company, and subject to the payment of the claim of appellant, as held by said Houston & Texas Central Railway Company."

Closing with a prayer for relief as follows:

"1. For judgment against the Waco & Northwestern Railway Company for his said sums of money due him, his damages, profits, etc., and to foreclose his lien upon the road, road bed, etc., of the Waco & Northwestern Railway Company; and that the cloud upon the title of the Waco & Northwestern Railway Company to the land donation be removed.

"2. Or if said land grant did pass under said deed in trust, then that said deed be set aside for fraud upon the rights of stockholders and creditors of the Waco & Northwestern Railway Company, and that the two said contracts, and all sales, ratification, etc., and all acts between the two companies as set out, be declared null and void, and all property now in the hands of the Houston & Texas Central Railway Company coming from the Waco & Northwestern Railway Company be decreed to be held by the late directors of the Waco & Northwestern Railway Company as trustees as assets of the Waco & Northwestern Railway Company for the benefit of creditors and stockholders, and for judgment against them as trustees, and that they be directed to proceed immediately against the Houston & Texas Central Railway Company for account.

"3. Or that all said contracts, deeds, etc., be declared null and void for fraud and the property be decreed to be assets and property of the Waco & Northwestern Railway Company, and that said trustees be ordered to at once enter and take possession of the same for the creditors and stockholders of said Waco & Northwestern Railway Company."

As the allegations upon which appellant sought to recover exemplary damages were sufficient and within the qualified rule laid down upon the last appeal, there is no necessity for a repetition of them. They were filed, however, in October, 1885, and alleged the tort to have been committed in April, 1869, the effect of which will be hereafter noticed.

The answers of the appellees necessary to be referred to in this recital of the pleadings in this cause are the special exceptions of the Houston & Texas Central Railway Company to appellant's claim as to exemplary damages "for want of certainty, and because a double recovery was thereby sought for the same breach of contract." Exceptions were also taken to his averments of fraud and *ultra vires* in the acquisition of the assets and property of the Waco & Northwestern Railway Company by the Houston & Texas Central Railway Company, upon the ground "that no facts were alleged constituting fraud and excess of power," and because appellant "could not subject property in appellee's hands to his claim, except in so

far as the same was secured by mortgage, as a simple contract creditor could not maintain such bill without a prior lien against his debtor."

Appellee filed also special pleas denying appellant's right to "maintain any action for or to subject to his claim said land grants" alleged to have been acquired by the Houston & Texas Central Railway Company from the Waco & Northwestern Railway Company, to which the latter was entitled as a donation from the State, "because under valid conveyances it had had adverse and peaceable possession of said lands, and appellant had prosecuted no suit to subject the same to his claim until November, 1881, except vague allegations contained in his amended pleadings of June 7, 1878, which he had withdrawn and abandoned in November, 1878, wherefore by the statutes of limitation and his laches appellant is barred and precluded from maintaining his action to subject or interfere with said lands." The statutes of limitation of two and four years were also pleaded against appellant's right of action. Similar pleas were filed by the directory of the Waco & Northwestern Railway Company, made parties in November, 1881.

The answer of the Houston & Texas Central Railway Company to appellant's petition charging a fraudulent combination between the companies to absorb the property of the Waco & Northwestern Railway Company and with the fraudulent intention to deprive him of the means of enforcing his debt and claim was, as briefly as can be stated, as follows:

"That the Waco & Northwestern Railway Company was in danger of losing its charter because of failure to construct its road; that it was wholly without credit; not having a mile of road built in June, 1871, applied to appellee to come to its rescue; that the contract of June, 1871, was entered into as a result of the negotiations between the two companies, and the supplemental contract followed; and describing the property pledged by the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company through contract, bond, and in trust.

"That a failure to pay the bond resulted in a sale under the deed in trust, and appellee became the purchaser; and that both parties intended that the then inchoate right to the land donation by the State to the Waco & Northwestern Railway Company should be included in said deed in trust, and the same was actually conveyed by the deed in trust. That the Waco & Northwestern Railway Company was merged in the Houston & Texas Central Railway Company May 24, 1873.

"The sale of the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company was afterward ratified by and confirmed by the board of directors of the Waco & Northwestern Railway Company, and the president was authorized to make a special transfer and conveyance of said land donation in consideration of the $200,000 due and unpaid on said bond. That appellant was a director of the Waco & Northwestern Railway Company, and that at the meeting of June, 1874, appel-

ant appeared, claimed, and took his seat as a member of said board; that no quorum could have been had but for his presence; and that he is now estopped to assert that the act of said board was not legal or valid.

"That appellant was in January, 1871, and for more than five years thereafter, a stockholder in appellee the Houston & Texas Central Railway Company, and that from 1871 to 1876, being a stockholder in appellee, that appellant was informed and advised of all the actions and doings of the appellee in and about all said contracts, deed in trust, etc., between the appellees the Waco & Northwestern Railway Company and the Houston & Texas Central Railway Company, and that he made no exceptions thereto as a stockholder of appellee or otherwise, but stood by and permitted appellee to expend $900,000 in the execution of these contracts without objection, and that he ought not now to be heard to assert that this appellee was without authority to make these contracts.

"That appellant, being a stockholder in appellee on May 6, 1872, was then elected a director of appellee, and was appointed on the executive committee, and accepted and entered upon the discharge of his duties as such, and that while so acting a large part of the work of construction under the contract was carried on and completed under the direction of the board of directors of appellee. That soon after the purchase of the Waco & Northwestern Railway Company the action of Mr. Hutchins in purchasing said property was approved by the board of directors of appellee, at which meeting appellant was present and assented to said resolution, and afterwards, on the 11th of June, 1873, at a meeting of the board of directors of appellee, appellant being present, a resolution was unanimously adopted authorizing the issuance by appellee of a series of bonds of $1000 each, at the rate of $20,000 to each mile of completed road of the Waco & Northwestern Railway Company's road, and making, executing, and delivering a deed in trust conveying the road of the Waco & Northwestern Railway Company and 6000 acres of land out of the donation to the Waco & Northwestern Railroad Company; and that by the approval and acquiescence of appellant in these proceedings he ought not now be allowed to question or impeach them. That all the acts and doings in and about the contracts between appellee and the Waco & Northwestern Railway Company were characterized by the utmost good faith and fair dealing toward appellant and the world; and denies that appellee was guilty of any act, open or covert, of fraud of which appellant has any grounds of complaint. Denies that appellee has any property or thing upon which appellant has any lien or charge; that appellee occupies the position of a purchaser in good faith without notice of any adverse right or legal claim of appellant; and that appellant has slept upon his rights, and is precluded from his recovery. And adopts the answer of appellee the Waco Tap Railway Company."

The directors of the sold out Waco & Northwestern Railway Company

adopted the foregoing answer, and pleaded specially as to themselves that appellant "ought not recover of them, because since the sale and merger of the Waco & Northwestern Railway Company in 1873 the Houston & Texas Central Railway Company had exercised exclusive and adverse control of the property and franchise of the Waco & Northwestern Railway Company, and that they were not performing any functions as directors of the sold out company at any time after the consummation of said sales; and that it is inequitable and unjust for appellant now to seek to require these appellees to assume the responsibilities and duties of directors to take charge of or recover said property; and that he is barred by the statute of two and four years and equitably by lapse of time."

The court sustained the exceptions to appellant's allegations seeking to recover exemplary damages, and overruled the exceptions as to those of appellant charging fraud.

The third trial of this cause was begun in the District Court October 19, 1885, and resulted in a verdict of the jury and a judgment against appellee the Waco & Northwestern Railway Company for appellant in the sum of $16,453.90 for money and interest due appellant and a foreclosure of his equitable mortgage on the forty-five miles of road of the Waco & Northwestern Railway Company now held by appellee the Houston & Texas Central Railway Company, and also for $96,602 against appellee the Waco & Northwestern Railway Company as actual damages; from which judgment the plaintiff Shirley prosecutes this appeal, assigning several errors alleged to have been committed upon the trial.

We proceed to the consideration of those we conceive to be decisive of the cause, and upon which a reversal is sought.

The first error complained of is the action of the court in sustaining exceptions to plaintiff's allegations, filed for the first time in October, 1885, seeking to recover exemplary damages. They set forth with sufficient certainty facts establishing a tort, which it is said text writers have had some difficulty in accurately defining. It is generally described as a wrong independently of a contract, though it is conceded that a tort may grow out, make a part of, or be coincident with a contract. So the same state of facts between the same parties may admit of an action *ex contracta* or *ex delicto*. Cool. on Torts, 3, note 1; Id., 90, 1; Hill. on Torts, 1; 2 Bouv. Law Dic., 600. "In such cases the tort is dependent upon while at the same time independent of the contract." Rich v. Railway, 87 N. Y., 390.

Plaintiff's averments as to the intentional, wrongful, and forcible seizure of his property by the officers of the Waco & Northwestern Railway Company while it was on the line of his work and used in constructing the road, the conversion thereof to their use, the unlawful levy of the Byrnes attachment upon his property at their instigation, for the alleged purpose of disrupting the contract for the construction of the road, stated facts which, though connected with the breach of the contract and for

which actual damages were sought, described also a tort authorizing, independently of said breach, a recovery of exemplary damages.   Hence we think there was error in sustaining the exceptions upon the ground that it was an attempted double recovery for the same wrong.   But while we think there can be no doubt as to the correctness of this view of the assignment, the question of limitation as presented by appellee in this connection is decisive of appellant's right to recover under this plea, which, as we have said, sufficiently described a tort authorizing a recovery of exemplary damages, but which were filed in October, 1885, for the first time, and alleged the commission of the tort in April, 1869.   The statute of limitation was interposed by appellee to this claim, and it is obvious therefore that for this reason he was precluded from a recovery of such damages, and the error complained of would not authorize a reversal.

It is contended by appellant that the court below erroneously construed the conveyance executed in February, 1873, of the property, rights, privileges, and appurtenances of the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Compay as vesting in the latter company title to the land donation, aggregating about 500,000 acres of land, to which the former company was entitled as a donation from the State.   It is urged by appellant that this land donation was not embraced in said conveyance, but that it remained a part of the assets of the Waco & Northwestern Railway Company in the hands of the directory of the sold out road under the statute constituting said directory trustees for its creditors.   He alleges also, and this is supported by the proof, that the land was transferred on June 24, 1874, to the Houston & Texas Central Railway Company by said directory.

This transfer he charges was made in fraud of his rights as a creditor. We concur in the position of appellant that the land donation to which the Waco & Northwestern Railway Company was entitled from the State was not embraced in the conveyance to the Houston & Texas Central Railway Company in February, 1873.   And we are of opinion that there was error in the construction given this conveyance, to the effect that it operated to convey said land to the Houston & Texas Central Railway Company.

The contract between the two companies provided that to secure the payment of the sum of $600,000 to the Houston & Texas Central Railway Company by the Waco & Northwestern Railway Company a deed of trust should be executed by the latter, "by which there shall be conveyed the franchise or charter rights of the Waco & Northwestern Railway Company, road bed, right of way, and other privileges and appurtenances of their railway," etc.   The resolution of the board of directors of the Waco & Northwestern Railway Company ratifying the contract contained the same language.   The deed of trust described the property intended to be conveyed as " all and singular the several tracts and parcels of land which

now are or may be hereafter or constitute the site of the roadway, turn outs, side tracks, depot grounds, and appurtenances, and all lands which now or may hereafter constitute and be a part of the road and the right of way from the town of Bremond to the depot ground in the city of Waco, the cross-ties, and superstructure of the road.."

The deed of trust, as well as the conveyance of February, 1873, described the property actually conveyed as follows:

"And also all and singular the chartered rights, privileges, and franchises of every kind granted to the Waco & Northwestern Railway Company by acts of the Legislature of the State of Texas which are now possessed by it or to which it may hereafter become entitled under said acts and the laws of Texas relating to railways, and all other rights and appurtenances conveyed to us by said deed of trust."

The authorities are abundant to the effect that whether subsequently acquired property is included in a conveyance executed by a railway company depends upon its being necessary to the enjoyment of the franchise or to the operation of the road, in the absence of special description of it in the conveyance. So a conveyance of "all its property, real and personal, acquired or to be acquired, owned or to be owned, used or appropriated for operating or maintaining the road" does not include lands acquired by the company and not thus used or employed. A conveyance of "its corporate privileges and appurtenances" was held not to embrace town lots adjoining the road bed, unless as a matter of fact they were essential to the enjoyment of the corporate franchises.

The purchaser at a foreclosure sale acquires title to the road as constructed. 2 Perry on Trusts, sec. 759; Walsh v. Boston, 24 Ohio St., 28; Railway v. Seymour, 25 Barb., 284; Railway v. Elwell, 67 Barb., 83; Railway v. Livermore, 47 Pa. St., 465.

Again, where "the road, superstructure, track, and all appurtenances, made or to be made, the land upon which the road had been or should be constructed, including depots," etc., were conveyed, and the company subsequently acquired a large tract of woodland seven miles from the road for the purpose of supplying it with fuel and timber, it was held by the Supreme Court of Wisconsin that the last mentioned tract of land was not included in the conveyance. Dinsmore v. Railway, 12 Wis., 649.

We have cited only a few of the numerous cases substantially to the same effect. A later case, involving and deciding a similar question, is that of the St. Louis & Arkansas Railway Company v. Whittaker, 68 Texas, 630.

We are of opinion that the title to the land donation of the Waco & Northwestern Railway Company did not vest in the Houston & Texas Central Railway Company by the terms of the conveyance executed to the latter in February, 1873, but that this acquisition of the land donation was consummated by the Houston & Texas Central Railway Company on

the 24th of June, 1874. Its effect upon the rights of the parties to this suit we will now consider.

In the previous recital of the pleadings in this cause it will be noticed that on June 7, 1878, about two years after the Houston & Texas Central Railway Company was made a party defendant by appellant, he alleged, among other fraudulent acts of the two companies in pursuance of the purpose to absorb all of the property of the Waco & Northwestern Railway Company in fraud of his rights as a creditor thereof, "that after the act of merger in 1873, and about the 24th of June, 1874, the Houston & Texas Central Railway Company ordered a meeting of what was termed the directors of the Waco & Northwestern Railway Company, a majority of whom were directors of the Houston & Texas Central Railway Company, and they granted and conveyed to the latter company all of the lands and land certificates to which the Waco & Northwestern Railway Company was entitled as a donation from the State, amounting to about 500,000 acres of land," etc. As before stated, it was made a matter of record that this averment had been expressly withdrawn and abandoned by appellant in November, 1878, and at the trial of the cause during the November Term, 1878, in lieu of this allegation it appears that the liability of the Houston & Texas Central Railway Company for the debts of the Waco & Northwestern Railway Company was urged under the operation of the act of merger of May, 1873. Whether appellant did or did not rely upon the latter plea in lieu of the former, the plea quoted was declared to be abandoned. Upon an appeal from that trial, and after the decision upon that appeal that the Houston & Texas Central Railway Company did not become liable for the debts of the Waco & Northwestern Railway Company under the operation of the act of merger, the withdrawn and abandoned plea was revived in October, 1881, and in 1885, to which the statute of limitations was at once pleaded by appellees. It appears then from the record that the title of the Houston & Texas Central Railway Company to the land donation was acquired in June, 1874, and appellant alleged the acquisition thereof to have been fraudulent in June, 1878, at which time the averment was not obnoxious to the statute of limitations. But having abandoned this allegation, as before explained, in November, 1878, and having gone to trial upon other issues, the statute of limitations was thereby put in motion, and when the allegations were renewed in October, 1881, attacking the acquisition of the land donation by the Houston & Texas Central Railway Company upon the ground of fraud, the statute of limitations being pleaded by appellees precluded appellant's right to attack and set aside the same upon that ground, seven years having elapsed from the date of the acquisition of the land by the Houston & Texas Central Railway Company in June, 1874, to the filing of his plea in October, 1881. If this plea had not been withdrawn by appellant in November, 1878, he would have had the same right to inquire into and attack the transfer of the land that he

had to attack upon the alleged ground of fraud the conveyance of all of the other property of the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company.

Under the facts of this case we do not think appellant was precluded from inquiring into and setting aside the conveyance of the land donation upon the alleged ground of fraud because he was a simple contract creditor. As said in Cassaday v. Anderson, 53 Texas, 535, where a similar question was well considered: "Our system being one of blended law and equity, he could sue upon the indebtedness due him by the Waco & Northwestern Railway Company, and in the same proceeding also seek to set aside the conveyance of the land because made in fraud of his rights as a creditor. Such proceeding is sustained upon the grounds that the remedy in equity would be more adequate, and the conveyance unless removed would be a cloud upon the title," preventing the ultimate satisfaction of the judgment which might be obtained; and therefore the aid of the court is properly invoked to remove the cloud caused by the alleged fraudulent conveyance as an obstruction to a fair sale in satisfaction of the judgment, and not for the purpose of enforcing a lien on the land. But appellant was, as we have attempted to show, precluded from attacking the transfer of the land by reason of the fact, which appears from his averments and proof, that an adverse possession of this property by the Houston & Texas Central Railway Company from its acquisition in June, 1874, until November, 1881, when the transfer was attacked for fraud, vested title thereto in that company.

There was no withdrawal or abandonment by appellant of any allegation save that attacking the assignment of the land to the Houston & Texas Central Railway Company and seeking to set it aside upon the ground of fraud. Consequently his averments of a fraudulent acquisition of all of the other property of the Waco & Northwestern Railway Company by the Houston & Texas Central Railway Company remained substantially in October, 1885, as had been originally pleaded by him and persistently adhered to in his successive amendments raising the issue as upon the last trial of a fraudulent conveyance of all of the other property and assets of the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company. This issue alone—that with respect to the land conveyance having been eliminated—should have been submitted to the jury for determination, accompanied with such instructions as to the law as were applicable to the evidence.

This was not done. On the contrary, though appellant's allegations of fraud and *ultra vires* with reference to the transfer of the property of the Waco & Northwestern Railway Company to the Houston & Texas Central Railway Company were recognized by the court as sufficient in law and appellee's exceptions thereto were overruled, and though more than one-half of the evidence contained in this record was introduced without ob-

jection by appellant and appellees in support of their respective averments upon this issue, it was excluded by the charge from the jury's consideration.

The court instructed the jury in this language: "There being no evidence before you of the allegations of fraud in the conveyance, plaintiff can not question the same, and that issue is not submitted to you," etc. "The conveyance" referred to in the charge is that executed in February, 1873, conveying the Waco & Northwestern Railway Company, with its rights and appurtenances, to the Houston & Texas Central Railway Company, and which the court instructed the jury operated to convey the land donation of sixteen sections of land to the mile to the latter company, which the former was entitled to from the State. This was an erroneous construction of this conveyance, the land donation having been acquired in June, 1874, by the Houston & Texas Central Railway Company, as alleged by appellant in his plea of June 7, 1878, withdrawn by him in November, 1878, and as shown by the proof.

As to all of the other property of the Waco & Northwestern Railway Company which was conveyed, appellant's pleading and proof raised the issue of fraud in the conveyance thereof, which was controverted by the answers and evidence of the appellees, and we are of opinion that it was error to withdraw from the jury the issue thus made.

While we think for the reasons given that the statute of limitation pleaded in this cause precludes the inquiry by appellant as to the conveyance of the land donation on June 24, 1874, to the Houston & Texas Central Railway Company, and that this is no longer an issue in the case, we do not mean to express the opinion that the fact of the conveyance may not be used in support of the allegations of a fraudulent combination to absorb the property of the Waco & Northwestern Railway Company in fraud of appellant's rights as a creditor, as any other competent fact or circumstance might be so used.

There have been three verdicts rendered in this cause, from each of which appeals have been prosecuted. More than eighteen years have elapsed since the institution of this suit and the breach of the contract sued upon. We find no complaint in the record as to the amount of the judgment in favor of appellant. In the present case it is for the sum of $16,453.90 for money and interest due, with foreclosure of his mortgage upon the forty-five miles of road from Bremond to Waco, and $96,602 actual damages in the nature of prospective profits lost by the breach of the contract against the Waco & Northwestern Railway Company. The Houston & Texas Central Railway Company and the directors of the former road, made parties as trustees under the statute, were discharged with their costs.

We think the judgment is erroneous, and that the cause should be disposed of as follows:

The judgment should be reversed and the cause remanded, with instructions to the court below to try the issue whether the sale of the Waco & Northwestern Railway made to the Houston & Texas Central Railway Company through and under the terms and provisions of the deed of trust executed by John T. Flint for and as president of the Waco & Northwestern Railway Company to Gray and Botts, the trustees therein mentioned for the Houston & Texas Central Railway Company, was fraudulent as to appellant's rights as a creditor of said Waco & Northwestern Railway Company, and to try no other issue now made or presented by the pleadings in this cause. And if upon a trial of the issue above instructed to be tried it shall be found that said sale so made under said deed of trust was not fraudulent, then and in that event judgment shall be entered against the trustees for the stockholders and creditors of said Waco & Northwestern Railway Company in their representative capacity only for the sum of $16,453.90, with interest on said sum from the date of the judgment from which this appeal was taken, together with a foreclosure of appellant's lien upon the railway and appurtenances thereto belonging from Bremond in Robertson County to the city of Waco in McLennan County against said trustees and the said Houston & Texas Central Railway Company to enforce its payment. And that judgment be rendered against said trustees for the sum of $96,602, with interest thereon also from the date of the judgment from which this appeal was taken, to be paid out of any assets in their hands as such trustees. And if upon a trial of the issue above directed to be tried it should be found that the sale of said Waco & Northwestern Railway and its appurtenances under the terms of said deed of trust was made with intent to defraud the creditors of said Waco & Northwestern Railway Company, then and in that event the said Waco & Northwestern Railway Company shall be adjudged subject to sale for the satisfaction of the judgment to be rendered in favor of appellant against said trustees.

*Reversed and remanded.*

Adopted January 22, 1889.

Judge Acker not sitting.