## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* McGUIRE ET AL.

[No. 3,780.   Filed January 7, 1903.   Rehearing denied April 1, 1903. Transfer denied May 14, 1903.]

MORTGAGES.—*Railroads.*—*After-Acquired Property.*—*Use.*—*Judgments.*—Land adjacent to the depot grounds of a railroad company occupied by buildings leased for postoffice, grocery, barber shop, and other purposes foreign to the necessary means of operating the railroad, did not pass as after-acquired property for purposes connected with or appertaining to the railroad by the foreclosure of a mortgage executed by the railroad company containing a clause including after-acquired property appertaining to the railroad, and was subject to sale under a judgment obtained against the railroad company after the execution of the mortgage.

From White Circuit Court; *J. V. Kent*, Special Judge.

Suit by Chicago, Indianapolis & Louisville Railway Company against Patrick McGuire and others to quiet title. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*E. C. Field, W. S. Kinnan, G. W. Kretzinger, H. R. Kurrie, E. B. Sellers* and *W. E. Uhl,* for appellant.

*C. C. Spencer, H. A. Steis, M. M. Hathaway* and *M. Winfield,* for appellees.

HENLEY, J.—This was an action commenced by appellant to quiet its title to a certain parcel of land situated in Pulaski county, Indiana. The cause was tried by a jury. After the evidence was concluded the trial judge instructed the jury to return a verdict for appellees. The question presented here arises upon the motion for a new trial, and questions the action of the trial court in so instructing the jury.

The facts upon which the instruction was based are not in dispute. Both appellant and appellees claim title through the Louisville, New Albany & Chicago Railway Company. Appellant claims title through certain mortgages given by the Louisville, New Albany & Chicago Railway Company which were foreclosed in the United States circuit court for the district of Indiana, and through which foreclosure, and other conveyances following it, its title became vested. Appellee's title is claimed as follows: On the 24th day of September, 1896, the appellee Patrick McGuire recovered judgment in the White Circuit Court of Indiana against the Louisville, New Albany & Chicago Railway Company for $2,416.23 and costs. On the 16th day of October 1897, the said McGuire caused an execution to be issued by the clerk of the White Circuit Court to the sheriff of Pulaski county. On the 18th day of October, 1897, the said sheriff levied the execution upon the real estate in dispute. On the 13th day of November, 1897, the sheriff sold this real estate at public sale, and the appellee Hathaway became its purchaser, and on the 22d day of November, 1898, the sheriff of Pulaski county executed to him a deed. A transcript of the McGuire judgment had been filed in the Pulaski Circuit Court on the 28th of January, 1897.

It is contended by appellant that the real estate in controversy is a part of its depot grounds at Francisville, Indiana, and that the foreclosure and sale of the property of the Louisville, New Albany & Chicago Railway Company,

through which foreclosure and sale appellant obtained whatever title it may have in the disputed premises, carried with it the title to said disputed premises. The judgment of McGuire against the Louisville, New Albany & Chicago Railway Company was obtained after the execution of the foreclosed mortgages through which appellant claims title. The contention of counsel for appellees is that the disputed property was not embraced within the mortgages and foreclosure, and that the same was not covered by the clause inserted in each mortgage intended to cover after-acquired property, and, therefore, could not have been embraced within the foreclosure and sale under the proceedings in the United States Court. An abstract question of law is therefore presented, as to whether or not the property in dispute passed by the foreclosure and sale. There were three mortgages executed by the Louisville, New Albany & Chicago Railway Company—one in 1886, one in 1890, and one in 1894; all being prior to the rendition of the McGuire judgment.

In the mortgage of 1886 the description of after-acquired property is as follows: "Which may at any time hereafter during the continuance of this trust be acquired by the said railroad company for purposes connected with or appertaining to the railroads or railways above mentioned or described." The description of the after-acquired property in the mortgage executed in 1890 was in the following words: "And all that it may in the future add, construct, or acquire for the purposes of and connected with or appertaining to the railroads or railways above mentioned and described." The description of the after-acquired property in the mortgage executed in 1894 was in the following words: "What may at any time before or after the date of this indenture be acquired by or for the said railway company for purposes connected with or appertaining to said railroads or railways hereby conveyed."

The decree directing the sale of the Louisville, New Albany & Chicago Railway Company follows the description in the mortgage. The master's deed conveying the property does not vary the description as to after-acquired property. The property in dispute was property acquired by the Louisville, New Albany & Chicago Railway Company after the execution of the above described mortgages.

The trial court determined that the undisputed evidence established that the land levied upon and sold to satisfy appellees' judgment was not used by appellant for railroad purposes; that it was not needed for such purposes, and that it was not properly a part of the "lay-out" of the road; and that therefore the clauses in the mortgages covering after-acquired property did not cover the property in dispute. The evidence shows that the particular parcel of land in dispute has never been used by the railroad company for railroad purposes; that while it is contiguous to and adjacent to the depot grounds of appellant, it has buildings located upon it which have been leased to different parties, and occupied and used as a barber shop, grocery, postoffice, and in other ways entirely foreign to the necessary means of operating the railroad.

In speaking of the property covered by the after-acquired clause in a mortgage given by a railway company, Mr. Short, in his excellent work on the Law of Railway Bonds and Mortgages, at §209, says: "The lien will be confined to the lands which were prospectively necessary and convenient for the construction and future operation of the road, and will not embrace lands situated outside of the 'lay-out' of the road, which had been taken over by the company in order to acquire at a less cost the lands actually needed for the line itself."

A case very similar to the one under consideration is the case of *Seymour* v. *Cannandaigua, etc., R. Co.*, 25 Barb. 284. It involved a controversy between the judg-

ment creditors and the purchaser of railroad property at foreclosure sale, and in that case it was squarely held that all lands acquired by the railroad company after the execution of the mortgage, which were not used for railroad purposes, were not covered by the lien of the mortgage and did not pass by the foreclosure and sale to the purchaser, but were subject to a lien of the judgment creditors. The court in that case, at page 312, said: "It is in proof that some of the lands purchased in Batavia have never been used for railroad purposes. That in some instances whole lots were purchased to secure a right of way across them. If the railroad company for this purpose had purchased a lot of ten or one hundred acres, it can not be that any more of such lots would be embraced in this mortgage to the plaintiffs than was actually taken and required for the road. In respect to all such lands outside of the legal limits of their railroad track and branches, and excepting land used for shops, depots, stations, turnouts for wood or water, or other legitimate purposes, the lien of the defendants' judgments must prevail." To the same effect see: *New Orleans Pac. R. Co.* v. *Parker,* 143 U. S. 42, 12 Sup. Ct. 364, 36 L. Ed. 66; *Boston, etc., R. Co.* v. *Coffin,* 50 Conn. 150; *Mississippi Valley Co.* v. *Chicago, etc., R. Co.,* 58 Miss. 896; *Eldridge* v. *Smith,* 34 Vt. 484; *Shirley* v. *Waco Tap R. Co.,* 78 Tex. 136, 10 S. W. 543; *Humphreys* v. *McKissock,* 140 U. S. 304, 11 Sup. Ct. 779, 35 L. Ed. 475; *Dinsmore* v. *Racine, etc., R. Co.,* 12 Wis. 725; *Farmers Loan, etc., Co.* v. *Commercial Bank,* 11 Wis. 215; *Walsh* v. *Barton,* 24 Ohio St. 28.

We think the trial court was right in instructing the jury, upon the evidence submitted, to return a verdict for appellees. Judgment affirmed.