## Arbuckle Bros. Coffee Company v. Werner & Cohen.

### No. 6407.

**Creditor's Bill—Practice.**—A judgment creditor without lien can maintain a suit to subject to his judgment land bought by the judgment debtor, deed therefor having been taken to another in fraud of creditors; the suit being to set aside such deed and to subject the land to the judgment. It is not necessary that plaintiff shall have lien as basis of his action.

Appeal from Cooke. Tried below before Hon. F. E. Piner.

Appellant obtained a judgment against Werner on November 5, 1886, on an indebtedness contracted by him and his deceased partner in the year 1884, and having had execution issued on said judgment and returned *nulla bona* within the time prescribed by law, filed its petition in the District Court of Cooke County on the 27th day of August, 1887, against appellees, to subject to its judgment a certain tract of land purchased and paid for by Werner in the year 1886, of one J. M. Lindsay, the title to which was fraudulently taken in the name of appellee Cohen.

Appellees, defendants below, by their answer presented two questions:

1. An exception to appellant's petition "because it does not appear that plaintiff (appellant) has any lien upon or other such right in the land set forth in its petition as gives it the right to maintain this suit."

2. A plea that pending this suit the interest of Werner in said lands had been sold under execution against him and purchased by one Lee Levy.

To the last plea appellant excepted because it appeared therefrom that the said Lee Levy was a purchaser *pendente lite*, and therefore not a necessary party to the said suit.

The court sustained appellees' demurrer to appellant's petition, and appellant declining to amend, dismissed its petition and rendered judgment against it for costs, to which action of the court appellant excepted.

*Stuart, Bailey & Harris*, for appellant. — 1. Where a debtor has fraudulently bought real estate and caused the title to be taken in the name of another in order to hinder, delay, and defraud creditors, the debtor's interest in same is not subject to execution at law and can only be reached by bill in equity. Gaines v. Bank, 64 Texas, 18; Cassaday v.

Anderson, 53 Texas, 535; Railway v. McDonald, 53 Texas, 515; Railway v. Hume, 59 Texas, 47; Hendricks v. Snediker, 30 Texas, 304; 307; Freem. on Judg., 348, 350; Freem. on Ex., 136, 187–189, 427; Wait on Fraud. Con., 57, 66, 82.

2. The filing of a bill to reach interests not subject to execution at law fixes a lien and creates *lis pendens*, and a subsequent purchaser of the interest sought to be charged, whether buying under execution or direct from the defendant, is bound by the result of the suit. Cassaday v. Anderson, 53 Texas, 527; Randall v. Snyder, 64 Texas, 350; Burford v. Rosenfield, 37 Texas, 42; Board v. Railway, 46 Texas, 317; Briscoe v. Bronaugh, 1 Texas, 326; Freem. on Judg., sec. 208.

*Davis & Garnett,* for appellees.—1. There being no distinction between law and equity, and no separate or distinct equity jurisdiction, it follows that whenever land can be sold for the debt of any one it can be sold under execution, and a lien can be acquired thereon by levy or by the record of an abstract of a judgment. Const., art. 5, sec. 8; Hawkins v. Cramer, 63 Texas, 99; Cassaday v. Anderson, 53 Texas, 527; Anderson v. Cassaday, 36 Texas, 652.

2. Whenever land is subject to the debt of a debtor, the creditor, in order to maintain a suit to cancel or remove any attempted fraudulent disposition of it, must first acquire a lien and fixed right to subject the land to the satisfaction of his debt, by first causing the land to be attached or an execution to be levied upon the same, or by causing an abstract of the judgment to be recorded. Cassaday v. Anderson, 53 Texas, 527; Bump. on Fraud. Con., 521–523; Freem. on Ex., secs. 427–430.

COLLARD, JUDGE.—Plaintiff alleged that Werner, against whom he had a judgment, purchased the land described in the petition from one Lindsay, and to defraud plaintiff, his creditor, caused the deed to be made to Cohen. The prayer was to divest the title out of Cohen and invest it in Werner, and that the same be sold to satisfy plaintiff's judgment.

The court erred in sustaining exceptions to the petition.

Notwithstanding the judgment did not bind the land as security for the debt, nor was there any registration of the judgment under the statute creating a lien (Rev. Stats., title 61, chap. 1), plaintiff being a creditor of Werner had the right to a decree properly vesting the title, and to have the land subjected to his debt with the debts of other creditors, if any, who might come in and claim their pro rata of the proceeds of the sale, plaintiff's rights being, however, subject to those of any other creditor who had a lien by judgment or levy of execution, or to those of a purchaser under execution before or pending plaintiff's suit.

In the case of Cassaday v. Anderson Justice Bonner says: "As between

two creditors, if one has already obtained his judgment and instituted proceedings to set the fraudulent conveyance aside, this will give him priority of right to first have his debt satisfied out of the property, but it seems this priority does not extend to a simple contract creditor who may institute such a suit." 53 Texas, 537.

The judgment here intended must be one with a lien on the property in order to give the creditor the preference over other creditors or over a purchaser who buys at execution sale before or pending suit. In the Cassaday case Veal was but a simple contract creditor, suing as such to set aside a fraudulent conveyance and to subject the land to the judgment to be obtained. He had no lien at the institution of the suit, and it was held that a purchaser at execution sale of another creditor pending Veal's suit "vested the title prior to any lien in favor of Veal." The entire discussion and the authorities cited and quoted show that "the equitable proceeding to bind the property must be based upon a lien or legal seizure of the property."

One of the cases cited is Robertson v. Stewart, 10 New York, 190, in which the court say: "The complainant had not acquired any lien at law, not having obtained any judgment against William Stewart (the debtor), and was not therefore entitled to any priority over the other creditors; equity requires that the fund be distributed among the creditors pro rata;" and it was further held that the fraudulent vendee being himself a creditor was entitled to his pro rata of the fund.

The other case cited to support that portion of the opinion above quoted is Day v. Washburn, 24 Howard, 355, 356, where it is held that a creditor at large who sues to set aside a fraudulent sale, not having a lien, is not entitled to priority over other creditors in the proceeds of the sale, adding: "It is only when he has obtained a judgment and execution * * * that a legal preference is acquired." This view that the judgment must be a lien upon the property at the institution of the suit in order to give it priority over other creditors or to have the effect of *lis pendens* is also supported by the case of Gaines v. National Bank, 64 Texas, 18.

Plaintiff had a judgment but no lien thereby on the property sought to be subjected to his debt; hence *lis pendens* would not apply in his favor as against a bona fide purchaser pending the suit under a legal and valid judgment and execution. But there is no doubt under the authorities cited, and as was reiterated in a recent decision of the Commission of Appeals in the case of Shirley v. Waco Tap Railway, that plaintiff may maintain the suit. 10 S. W. Rep., 552. We regard the law as settled.

The court below sustained exceptions to the suit upon the ground that plaintiff had no lien. This was error. The plea of defendants that the property had been sold under execution since plaintiff's suit was brought was not heard by the court on its merits nor tested by the demurrer. Be-

sides, it was not a good plea, if true, for defendants Cohen & Werner. It would be available for the purchaser or his privies.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted April 22, 1890.