EAST AND WEST TEXAS LUMBER COMPANY v. WARREN & SON.

No. 3116.

1.    **Attachment — Insufficient Bond.** — A writ of attachment issued without a bond in double the amount sworn to be due should be quashed.    It is error to overrule a motion by the defendant in attachment to abate the writ for such reason.

2.    **Same—Amendment.**—It is not allowable to amend an attachment bond in any matter of substance.

3.    **Same—Receiver.**—That the assets of defendant had been placed in the hands of a receiver would not prevent such defendant from moving to set aside an attachment upon his property.    But that fact would withdraw the property from subsequent attachment proceedings, and as a consequence no advantage could accrue to plaintiff by reinstating his defective attachment.

APPEAL from Upshur.    Tried below before Hon. Felix J. McCord. The opinion gives the facts.

*N. W. Finley,* for appellant.— 1. Before the issuance of any writ of attachment the plaintiff must execute a bond, with two or more good and sufficient sureties, payable to the defendant, in a sum not less than double the debt sworn to be due; and a failure to execute a bond in double the amount of the debt sworn to be due will be fatal to the attachment.    Rev. Stats., art. 156; Winn v. Sloan, 1 Ct. App. C. C., sec. 1105.

2.    A variance between the amount declared to be due in the petition and that stated in the affidavit for attachment to be due is fatal to the validity of the attachment proceedings.    Joiner v. Perkins, 59 Texas, 300; Dwyer v. Testard, 65 Texas, 432; Evans v. Lawson, 64 Texas, 199.

3.    The fact that the property of the defendant had in some other litigation been placed in the hands of a receiver did not deprive it of the

right to urge its legal defenses in court, and the court had no right to refuse to entertain a legal defense presented by it merely for the reason that in the opinion of the court the corporation would not be benefited by it and other creditors would.

4.  The court erred in permitting the plaintiff to execute and file a new attachment bond in a larger sum than the original attachment bond in support of the attachment proceedings.  1 Ct. App. C. C., secs. 1104, 1105.

5.  An amended petition takes the place of the original petition, and the bond supporting the attachment must be in double the amount sued for in such amended petition, and there must also be harmony between such amended petition and the affidavit for attachment.

*Peteet & Crosby,* for appellees.— 1.  Where the attachment bond is insufficient in amount a new bond may be given to cover such deficiency in amount.

2.  A party may bring suit for one amount and have an attachment issued for a less amount, and there would be no variance and no ground for quashing the attachment.  Dwyer v. Testard, 65 Texas, 432; Evans v. Lawson, 64 Texas, 199; Stewart v. Heidenheimer, 55 Texas, 648.

STAYTON, CHIEF JUSTICE.—Appellees brought an action against appellant on June 17, 1888, to recover a sum claimed to be due on open account.

The sum claimed in the petition was $1169.75.

Affidavit for attachment stated that the sum due and for which attachment was sought was $1117, and an attachment bond for the sum of $2200 was executed, whereupon attachment issued that was levied on property of appellant.

A motion was made to quash attachment on the ground that the bond was not in double the sum sworn to be due.

The court overruled the motion, and on January 5, 1889, upon application of appellees, allowed them to file a bond for the sum required by the statute, and judgment with foreclosure of attachment lien was subsequently rendered.

The statute provides that "Before the issuance of any writ of attachment the plaintiff must execute a bond, with two or more good and sufficient sureties, payable to the defendant, in a sum not less than double the debt sworn to be due," etc.  Rev. Stats., art. 156.

The bond executed was not such a bond as the statute requires, and in obedience to the statute, which declares that "any original attachment issued without affidavit and bond as herein provided shall be abated on motion of the defendant" (Revised Statutes, article 159), the attachment should have been quashed on motion.

We do not understand that such bonds may be amended in any matter of substance.

The order allowing a new bond to be filed was entered on January 15, 1889, and from the order the inference is that the court would have quashed the attachment but for the new bond if the court had been of the opinion that the defendant could under existing facts insist upon the motion.

It appears from the final judgment that in some suit on July 6, 1888, all the property of appellant had been placed in the hands of a receiver by the court that tried this cause.

In the order overruling motion to quash attachment the following declaration is made: "The court being of opinion that only the defendant can take any advantage of any defect in the attachment papers therein, and that the quashing of the attachment could only result in the benefit of some other attaching creditor against said defendant, and also it further appearing to the court that the assets of said defendant at a former term of this court had been placed in the hands of a receiver, to be administered by him for the benefit of all the creditors therein, it is therefore considered and ordered by the court that said motion to quash be overruled." On filing a new bond the effect of this was made to relate to the time of filing the first bond.

The defendant was the proper person to move to quash the attachment, and we do not see why the appointment of a receiver should take away that right.

At the time the permission to file a new bond was given the property or its proceeds was in the hands of the court through its receiver and not subject there to attachment, and it would be clearly a wrong to other creditors to give the new bond a retroactive effect, if the filing of such a bond were permissible to cure substantial defects in the bond first executed.

It is not necessary to notice the judgment in so far as it assumes to affect the rights of persons and the sureties of persons to whom the court at some time had directed the funds, the proceeds of the attached property, to be paid on their executing a refunding bond, for as appellees' attachment should have been quashed they had no right to such a judgment as was rendered in their favor in this respect.

The judgment of the court below will be reversed and here rendered quashing the writ of attachment and in favor of appellees for $1290.88, with 8 per cent interest thereon from the date of this judgment, and for costs of the court below except such as were incurred in the proceedings for attachment, which will be adjudged to appellant with all costs of this appeal. The judgment here rendered to be without prejudice to the power or right of the court below to permit appellees to participate as general creditors in the distribution of the estate that came into the hands of the

receiver, if under the settled rules of law as against other creditors they be entitled to a part of such estate.

*Reversed and rendered.*

Delivered October 24, 1890.

Motion for rehearing refused.