TEXAS DRUG COMPANY v. J. P. SHIELDS ET AL

Decided January 11, 1899.

**Fraudulent Conveyance.**

Though a debtor who conveyed to his creditor property in excess of his debt to the latter and received the difference in money was known to the grantee to be insolvent, that fact will not make void the transaction, as in fraud of creditors, in the absence of an intention to defraud.

ERROR to the County Court of Fannin. Tried below before Hon. JAS. Q. CHENOWETH.

*Edward M. Browder,* for plaintiff in error.

FISHER, CHIEF JUSTICE.—This is a suit by the plaintiff in error, the drug company, against the defendants as garnishees, seeking to hold them liable for the value of certain property in their possession, which the plaintiff claims was fraudulently transferred to the defendants by one S. A. Shields, who was then indebted to the drug company. The contention of the plaintiff is, that at the time of the sale by S. A. Shields to the defendant in error, Shields was notoriously insolvent, and that the sale was made for the purpose of defrauding the plaintiff and other creditors.

In response to this the defendants claimed that they purchased the property in good faith, without any notice of any intention upon the part of Shields to defraud his creditors.

Although there is an apparent conflict in the testimony of the defendants as to the amount of the consideration paid by them for the goods purchased from Shields, there is evidence which tends to show that S. A. Shields was indebted to the defendant J. P. Shields at the time of the sale of the goods in question, and that the indebtedness to defendent Shields was greater than the value of the goods purchased, and that the purchase was made in satisfaction of that indebtedness; and, while it is true that the conclusion must be reached from the evidence that the defendant Shields must have known of the insolvency of S. A. Shields at the time of the purchase, still, there is evidence which tends to show that the sale was made in good faith, for the purpose of satisfying the debt due defendant, without intention to defraud the plaintiff or other creditors of S. A. Shields. The charge of the court, we think, presented the issues as favorably to the plaintiff as it was entitled to.

The plaintiff asked a charge, which was refused, to the effect that if the jury believed from the evidence that at the time that S. A. Shields sold the stock of goods in question to the defendants he was insolvent and that the defendants knew that fact, and that the indebedness, in satisfaction of which the goods were taken, was less than the value of the goods, and the defendants paid Shields that difference in money, then the transaction would, in law, be fraudulent and void as to creditors.

This is the effect of the charge, without repeating its verbiage. We do not so understand the law. An insolvent debtor has the right to sell and dispose of his property, as well as one who is solvent. What the law forbids is a disposition of it with the intention to defraud his creditors. The charge in question omits this essential element. It bases the theory of recovery solely upon the proposition that the debtor Shields was insolvent at the time of the sale to the defendants and that fact was known to them. Now, if that sale was made without any intention to defraud, and was made in good faith, it certainly would not come within the prohibition of the statute. What the statute condemns is a sale made with intent to defraud, and this identical question has been passed upon in several cases, notably Hadock v. Hill, 75 Texas, 193; Sanger Bros. v. Colbert, 84 Texas, 668; Armstrong Co. v. Elbert, 14 Texas Civil Appeals, 142.

The remaining assigments complain of the verdict and judgment being without evidence to support them. In this view we can not agree. Our previous statement as to the evidence disposes of these assignments. We find no error in the record and the judgment is affirmed.

*Affirmed.*