MAURICE ZUCKERMAN v. GUS MUNZ.

Decided January 4, 1908.

**Trespass to Try Title—Husband and· Wife—Separate Property—Evidence.**

> In a suit of trespass to try title to a tract of land sold by a sheriff to satisfy a judgment for a community debt, the plaintiff claiming that the land in controversy was the separate property of the wife by reason of a gift from her husband, had the burden of proof to show that the husband was solvent at the time of the alleged gift, and failing in this, the court did not err in giving a peremptory charge for the defendant.

Appeal from the District Court of Rains County. Tried below before Hon. R. L. Porter.

*Wm. Pierson* and *J. W. Pierson,* for appellant.

*C. J. Crabb* and *Chas. S. Todd,* for appellee.

RAINEY, CHIEF JUSTICE.—Maurice Zuckerman, plaintiff below, brought this action of trespass to try title against Gus Munz to recover a tract of land containing 327 acres of the M. Cummins survey in Rains County.

The jury were instructed to return a verdict for defendant, which was done and judgment rendered accordingly; from which judgment this appeal is prosecuted by appellant, and the first error assigned challenges the action of the court in directing a verdict for defendant.

It was admitted that a deed from S. Zuckerman, by sheriff, to Julia Zuckerman, dated January 4, 1884, of record in Rains County, is the common source of title and that both plaintiff and defendant claim to hold title thereunder. It was agreed that the defendant's chain of title from H. Munzesheimer to Guz Munz is regular and the introduction of this evidence of title was waived.

Plaintiff, Maurice Zuckerman, claims the land through a deed to him from Julia Zuckerman, joined by her husband, Samuel Zuckerman, dated March 4, 1898, the consideration expressed being $100.

Gus Munz claims through a deed from Julia Zuckerman, joined by her husband, Samuel Zuckerman, to Munzesheimer, dated July 7, 1889, reciting a consideration of $1750, duly acknowledged and recorded in Rains County. This deed was lost and its execution was duly attacked.

Appellant claims that at the time the land was deeded to him it was the separate property of Julia Zuckerman and that the evidence was sufficient to raise that issue and such issue should have been submitted for the jury's determination. If this contention is correct then the court erred in directing a verdict for defendant. But is it correct?

The land was sold under execution to pay a judgment against Samuel Zuckerman. Julia Zuckerman bought it in for $300, and the deed was made to her. Upon the face of this transaction the land remained the community property of Samuel Zuckerman and Julia Zuckerman. But Julia Zuckerman testifies that the $300 consideration paid was her separate property. In tracing this fund she says that her father gave her a piece of land and he afterwards became involved and she allowed him to take it back, and for doing this her husband promised her that as soon as he made more money than he was then doing he would give her money in payment for her transferring the land back to her father. That from the latter part of 1877, and thereafter, she never had less than $400 in cash in her own right. That it was the custom of her husband to give the children money, even when they were very young, and with such money as she saved from her allowance for expenses, together with the children's savings and money obtained in 1877, she was always prepared to take advantage of small investments. That it was from this fund that she purchased the land, paying $300 therefor.

Mrs. Munzesheimer, sister of Julia Zuckerman, testified that Julia Zuckerman owned no property at the time of her marriage with S. Zuckerman, and that she knew of none her sister owned since, in her separate right. That their father owned some land in Mississippi at one time, which he gave to his daughters, but they never received any deed to it, and some time after their father became financially embarrassed and they all gave it back to him.

From the foregoing testimony we conclude that it does not show with sufficient certainty that the money that paid for the land at sheriff's sale was Julia Zuckerman's separate estate. She does not state definitely the amount of money her husband paid her for transferring the land back to her father. He was under no obligation to pay her for making the transfer, and therefore if any money

was paid her by her husband it was a gift, as well as the money she saved from expense money allowed her by her husband. Speer, Married Women of Texas, sec. 219. Being a gift, it devolved upon plaintiff to show that at the time it was made S. Zuckerman was solvent. Maddox v. Summerlin, 92 Texas, 483. This he did not do; but on the other hand the evidence tends to show that at that time S. Zuckerman was insolvent, at least it does show that he was largely indebted to H. Munzesheimer, and that this land was conveyed to Munzesheimer in part payment of such indebtedness.

Even if the evidence was sufficient to require the submission to the jury on the issue whether or not Julia Zuckerman executed the deed, there was sufficient evidence that S. Zuckerman executed it, and there being practically none to show that he did not, and the evidence showing it to be community property, he could convey title without her joining in the deed. The court, therefore, properly directed a verdict for defendant.

Several assignments of error attacking the action of the court for admitting certain evidence tending to establish the lost deed are presented, but we do not consider them well taken. The judgment is affirmed.

*Affirmed.*

Writ of error refused.