### J. E. STEVENS ET AL. v. G. E. COBERN ET AL.

#### No. 2720. Decided June 11, 1919.

**1.—Practice on Appeal.**

On appeal, a case submitted on special issues, will be treated as though all facts sustained by evidence, and not inconsistent with the facts found, were so determined as to support the judgment rendered, here applied to establish that a voluntary note given by an insolvent to his mother was not intended by them to be paid. (P. 576.)

**2.—Fraud—Voluntary Note.**

Though a note given by a son to his mother might be good as a voluntary act against subsequent creditors, if made without intention of payment and for the purpose of defrauding creditors it would be void as against either existing or future creditors. (P. 576.)

**3.—Fraudulent Conveyance—Preference of Creditors.**

The right of an insolvent debtor to prefer one creditor to another is subject to the qualification that no more property must be transferred than is essential to pay the debt at a fair valuation. (Pp. 576, 577.)

**4.—Same—Transfer of Excessive Property.**

Where a conveyance in discharge of a debt by an insolvent, is of property unreasonable in amount for that purpose, it is fraudulent in law as against other creditors, and will be set aside as to the whole transaction, not sustained as to so much as is necessary to discharge the actual debt. (P. 577.)

**5.—Fraudulent Conveyance—Homestead.**

An insolvent debtor who has fraudulently conveyed property not then his homestead, can not thereafter establish homestead rights thereon against creditors impeaching such transfer. This conveyance was good as between him and the grantor and left him no title in the land to support a homestead claim. (Pp. 577, 578.)

**6.—Same—Estoppel.**

Creditors setting aside a conveyance of an insolvent for fraud were not estopped thereby from asserting the validity of the conveyance as against the grantor, to defeat his subsequent attempt to establish his homestead thereon. (P. 578.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McCulloch County.

Stevens sued Cobern and others on a note, attaching property claimed to have been fraudulently conveyed. They had judgment for their debt and subjecting the attached property to its payment. On appeal the judgment was reversed and foreclosure of the attachment lien denied (167 S. W., 207). Stevens and son then obtained writ of error.

*Snodgrass, Dibrell & Snodgrass,* for plaintiffs in error.

The Honorable Court of Civil Appeals erred in the matter of substantive law material to petitioners rights, holding that G. E. Cobern, defendant in error, could set up homestead rights in 335 acres of land and resist foreclosure of petitioners' attachment lien, because the said G. E. Cobern, previous to the levy of said writ, had conveyed the land to defendant in error, S. M. Rollo, for the purpose of hindering, delaying, and defrauding his creditors, and at the time of the levy had no right, title, claim, or interest in the title to said land which was sought to be sold under attachment to which a homestead right could attach, his conveyance to S. M. Rollo having divested him of all right, title and estate in the land, said deed having vested in S. M. Rollo the full title to the land, subject to right of petitioners to subject same to the payment of their debt, through attachment proceedings against the said S. M. Rollo. Willis v. Smith, 65 Texas, 657; Cullers v. James, 66 Texas, 494; Smith v. Chenault, 48 Texas, 462; Wheatley v. Griffin, 60 Texas, 211; Taylor v. Ferguson, 87 Texas, 1; Claflin v. Lisso, 27 Fed., 420; Bohn v. Johnson, 12 Minn., 60; Gibbs v. Chase, 10 Mass., 125; Ketchin v. McCarley, 26 S. C., 1; Heinz v. White, 105 Ala., 670.

The court erred in holding that the levy of the writ of attachment by the plaintiff herein was an estoppel of plaintiff to deny homestead rights to G. E. Cobern to the land in controversy.

The conveyance under such circumstances was fraudulent against plaintiffs in error, without reference to the intent of either of the parties, as a matter of law. Greenleve v. Blum, 59 Texas, 124; Smith v. Whitfield, 67 Texas, 124; Edwards v. Dickson, 66 Texas, 614; Ellser v. Graber, 69 Texas, 222; Rilling v. Schultze, 95 Texas, 352.

*Harvey Walker* and *Shropshire & House,* for defendants in error.

The note sued on was not executed till March 16, 1911. Therefore, J. E. Stevens and T. L. Stevens, being subsequent creditors of Cobern with notice of the former deed executed and recorded by Cobern, they have no legal right to question the bona fides of the transaction in the execution and delivery of said deed. Such a deed, even if fraudulent and void as to existing creditors, is valid and binding as to subsequent creditors with legal notice of its execution or existence. Lewis v. Simon, 72 Texas, 470; Willis v. McIntyre, 70 Texas, 34; Monday v. Vance, 51 S. W., 346; Schreyer v. Scott, 134 U. S., 405; Bayouset v. York, 46 S. W., 61.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiffs in error brought this suit to recover a judgment against Ben Polk and G. E. Cobern upon their note, and to subject to its payment 335 acres of land, attached by plaintiffs in error and alleged to have been conveyed by G. E. Cobern to his mother, Mrs. M. S. Rollo, in fraud of his creditors.

The trial court rendered judgment, awarding to plaintiffs in error

all the relief sought by them, which was reversed on appeal of G. E. Cobern and Mrs. M. S. Rollo.

The judgment of the trial court was based upon a special verdict by the jury, to the effect that $7404 was the reasonable cash market value of the 335 acres of land and personal property, conveyed by Cobern to Mrs. Rollo; that $2625 was the amount in which Cobern was then justly indebted to Mrs. Rollo; that some time betwene 1905 and 1910 Cobern had delivered to Mrs. Rollo his note for $5800, on a consideration of $2625; that it was not Cobern's purpose in conveying the 335 acres and other property, in good faith to prefer her as a creditor, but his purpose and intent was to hinder, delay, and defraud his creditors, of which purpose and intent Mrs. Rollo did not know; and that at the time the attachment was levied Cobern, being a married man, was using the 335 acres of land as his home.

In addition to these special verdicts, the trial court expressly found that Cobern had no homestead claim to the 335 acres of land at the time he conveyed same to Mrs. Rollo, not being the head of a family at that time, and that the conveyance to Mrs. Rollo for $7404 worth of property was fraudulent, in that it was made in satisfaction of an indebtedness from Cobern to Mrs. Rollo for only $2625.

We are unable to approve the contention of counsel for Mrs. Rollo that the conveyance to her must be held valid on the jury's finding that Cobern had previously delivered to her a note, promising payment of an amount equal to the value of the property conveyed, which was discharged by the conveyance. For, though Cobern had the right to execute a voluntary note to his mother, which would not be subject to attack by subsequent creditors, because voluntary, yet a note made with no real intention of payment or for the purpose of defrauding creditors would be void as against existing or future creditors. Rives v. Stephens, 28 S. W., 708; Cole v. Terrell, 71 Texas, 549. There is evidence in this record to warrant the conclusions that neither Cobern nor Mrs. Rollo intended the $5800 note to be paid, and that the true purpose of the $5800 note was to hinder creditors of Cobern. Such conclusions are entirely consistent with, if indeed not required by, the express findings that Cobern owed his mother no more than $2625 at the date of the conveyance, and that the conveyance was not designed to prefer her as Cobern's creditor but to hinder, delay and defraud other creditors. It is our duty, under article 1985, R. S., to dispose of this case as though these conclusions had been found, since they are warranted by evidence and support the trial court's judgment. Giving due effect to these conclusions and to the jury's and the court's findings, the conveyance by Cobern to Mrs. Rollo must be considered a fraudulent conveyance. For, the right of an insolvent debtor to prefer one creditor to another, is in the language of Judge Gaines: "Subject to the qualification that no more property must be transferred than is essential to pay the debt at a fair valuation." Edwards v. Dickson, 66 Texas, 614.

Black v. Vaughan, 70 Texas, 49, declares the invalidity of the con-

veyance of property by a debtor to his creditor, in discharge of a debt much smaller in amount than the value of the property. It is there said: "In cases where the creditor receives an unreasonable amount of property from a failing debtor in payment of his debt, the law will make no estimate of how much would have been reasonable for the purpose of sustaining the conveyance as to that much and vitiating it as to the remainder; but will set aside the whole transaction."

The same doctrine, with its foundation in reason, is succinctly stated in Coughran v. Edmondson, 106 Texas, 543, by Chief Justice Phillips, who said: "A creditor of an insolvent may receive property for his debt if not more than reasonably sufficient in value to discharge it, but where the value of the property materially exceeds the debt, the transaction is deemed fraudulent in law, since its necessary effect is to place the surplus beyond the reach of creditors."

The Court of Civil Appeals announced that it did not hold that the 335 acres was Cobern's homestead at the date of the conveyance to Mrs. Rollo, noting that the jury had made no such finding. We can not say that the trial judge was not warranted in making his specific finding that the 335 was not used for the purpose of a home by a family of which Cobern was head at the date he conveyed same to his mother. Hence, the determining question in the case is, what was the legal effect, as against a creditor of Cobern, of his fraudulent conveyance of property, which was not exempt at the date of his conveyance, but which he later occupied, after having become the head of a family?

The view of the Court of Civil Appeals was that since plaintiffs in error sought to subject the property to the payment of their debt, as the property of Cobern, they were estopped to deny that he had such title, subsequent to his conveyance, as would support his claim of homestead.

In our opinion, the law is well settled that after Cobern conveyed the land to Mrs. Rollo he could assert no right, title, or interest therein.

In discussing the effect of a fraudulent conveyance, in Fowler v. Stoneum, 11 Texas, 501, this court quoted from Judge Story in 1 Eq., sec. 371, as follows: "A conveyance of this sort (it has been said, with great truth and force) is void only as against creditors; and then only to the extent, in which it may be necessary to deal with the conveyed estate for their satisfaction. To this extent, and to this only, it is treated, as if it had not been made. To every other purpose it is good. Satisfy the creditors, and the conveyance stands." Then the court added: "Such a conveyance vests in the grantee a good and perfect title, defeasible only at the instance of the person, to whose prejudice it has operated."

The case of Willis & Bro. v. Smith, 66 Texas, 656, presented the question as to what interest in property fraudulently conveyed remained in the estate of a deceased grantor, and the question was answered in the following language of Chief Justice Willie: "Such property forms

no part of his estate, and, hence, the administrator has no concern with it whatever. All the title of the grantor passed to his fraudulent grantee, subject only to the right of the fraudulent creditor to have the conveyance set aside, so far as his debt is concerned, and the property made liable for its payment. . . . The administrator of Laird (the deceased grantee) was not authorized to sue for the property, for the purpose of administering it, as it could under no circumstances form part of the estate."

The principle is reaffirmed in Rilling v. Schultze, 95 Texas, 356, as follows: "The statute declares all conveyances of property in fraud of creditors to be void, but it is well understood that this means that they are merely relatively void,—that is, voidable at the option of creditors who have been defrauded thereby. As between the grantor and grantee, such a conveyance is valid, and the grantor, by his deed, parts with all power of disposition over the property conveyed. The right of the defrauded creditor is merely to subject it to the payment of his debts."

Cobern had no title or interest in the 335 acres of land, to which a homestead exemption could attach, subsequent to his conveyance to Mrs. Rollo. Smith v. Uzzell, 61 Texas, 220; Elam v. Carter, 119 S. W., 914.

Notwithstanding Cobern's fraudulent conveyance, the 335 acres remained, however, subject to the payment of plaintiff in error's debt. To the extent necessary to accomplish satisfaction of the debt, the conveyance was as though it had never been made. Having the right to have the property sold to satisfy the debt, as though the conveyance had not been made, plaintiffs in error availed themselves of an appropriate means of enforcing their right, in suing out the attachment against Cobern. Execution is the ordinary process by which property is subjected to the payment of a debt. Attachment is in a sense "an execution in advance." Rempe v. Ravens, 68 Ohio St., 128. A right can not be defeated by resorting to an appropriate remedy to enforce same, and hence plaintiffs in error were not estopped from subjecting the 335 acres of land to the payment of their debt.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*