## SNODGRASS et al. v. BROWNFIELD STATE BANK. (No. 2129.)

(Court of Civil Appeals of Texas. Amarillo. May 2, 1923.)

1. **Fraudulent conveyances ⬤⟹308(1)—Whether money borrowed was for benefit of defendant's separate estate, and whether conveyance by her was fraudulent, held questions for jury.**

In action by creditor of married woman and her grantees to cancel her conveyance and subject the lands to the creditor's claim, *held* error to direct verdict for plaintiff, there being evidence raising issue as to whether the money was for the benefit of defendant's separate estate, and whether she used it for that purpose, and also tending to sustain the issue of fraud.

2. **Attachment ⬤⟹232—Affidavit before notary, attorney for plaintiff, held not ground for quashing writ.**

It was not ground for quashing writ of attachment that the affidavit was made before a notary public, who was attorney for plaintiff.

3. **Attachment ⬤⟹232—Affidavit's allegation that all the debt was due, when one note was not due, was not ground for quashing the writ.**

It was not ground for quashing the writ of attachment that the affidavit stated that all of

the debt was due, while allegation in petition showed that one of the four notes sued on had not matured; the affidavit being amendable in this particular.

**4. Fraudulent conveyances ⊂⟩272—Rule as to burden of proof as to grantor's insolvency stated.**

Where conveyance is for valuable consideration, the burden ordinarily is on the creditor to show the debtor's insolvency; but where there is a prima facie showing of fraud, the burden, under the statute, is on the grantee to show that grantor had sufficient property to pay all the indebtedness.

**5. Fraudulent conveyances ⊂⟩261—Petition showing grantor had not conveyed all her property should have alleged her insolvency.**

In a suit against a married woman and her grantees for money loaned to her for the use of her separate estate and to cancel conveyances by her to other defendants, her children, as fraudulent, and in which the petition showed that the married woman had not conveyed all her property, and the answers set up valuable considerations for the conveyances, *held*, that the petition should have alleged grantor's insolvency.

**6. Liens ⊂⟩7—Allegations of money loaned to a married woman for benefit of her estate held not to show equitable lien.**

Petition by bank against a married woman and her grantees on notes for money loaned to her for the benefit of her separate estate, and to cancel conveyances thereof as in fraud of creditors, did not show an equitable lien in plaintiff's favor on the property.

**7. Fraudulent conveyances ⊂⟩241(3)—Plaintiff, suing on debt, attaching property and attacking debtor's conveyance, a "creditor," within the statutes.**

A prior creditor, who sues for his debt and acquires a lien by attachment on specific property of his debtor, and in that suit seeks to set aside a conveyance by the debtor of such property as fraudulent, and to subject it to the payment of his debt is a creditor within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, arts. 3966 and 3967, relating to attacking conveyances as fraudulent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

Appeal from District Court, Terry County; W. R. Spencer, Judge.

Action by the Brownfield State Bank against Mrs. W. B. Snodgrass and others. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

G. E. Lockhart, of Tahoka, for appellants.
Geo. W. Neill, of Brownfield, and Percy Spencer, of Lubbock, for appellee.

HALL, C. J. The appellee bank filed this suit against the appellant, Mrs. Snodgrass, a married woman, and against Joe W. Black, Ed. B. Black, and Miss Nora C. Black, chil-dren by her former marriage, to recover of Mrs. Snodgrass upon four promissory notes, aggregating $3,137.93, which it is alleged the bank loaned her. The appellee further seeks to set aside a deed by which Mrs. Snodgrass conveyed four sections of land to her said children, and to cancel a bill of sale by which she transferred certain cattle to them. It is alleged that the property was conveyed in fraud of creditors generally, and specially to defraud the bank; that said property was conveyed without consideration; that the money was loaned to Mrs. Snodgrass to pay taxes, interest, and for the benefit of her separate estate, which consisted of the four sections of land and the cattle, which she had conveyed. An attachment was levied by the bank upon the property. The bank prayed that the deed and bill of sale be canceled; that it be decreed to have an equitable lien upon the property; that it have judgment for its debt, interest, and attorney's fees, and a foreclosure of the attachment lien.

The defendant filed a motion to quash the first attachment, which was sustained. A second attachment was issued and levied. Motion was also made to quash this attachment, which was overruled by the court. The appellant, Mrs. Snodgrass, answered by general and several special exceptions and a general denial, alleging coverture at the time of the execution of the notes and at the time the answer was filed. The defendants, Joe W., Ed B., and Nora C. Black answered, alleging that they did not execute the notes and did not assume to pay the same at the time the property was conveyed to them; that they gave and promised a good and valuable consideration for the land conveyed to them, in that they assumed and agreed to pay off and discharge certain indebtedness against it secured by liens.

[1] The court directed the jury to return a verdict for the bank and judgment was entered accordingly. The evidence raises the issue as to whether the money borrowed by Mrs. Snodgrass was for the benefit of her separate estate and whether she used it for that purpose; there is also evidence tending to sustain the issue of fraud. Therefore we think the court erred in directing a verdict for the bank. The appellee contends that the peremptory instruction is correct, basing its contention upon the holding of this court in Cauble v. Beaver-Electric Refining Co., 243 S. W. 762, and Taylor et al. v. Husted, 243 S. W. 766, and other cases in which a married woman was held liable under the provisions of V. S. C. S. arts. 4621, 4622, and 4624, and the amendments thereto. The Supreme Court granted writ of error in the Cauble and Taylor Cases, indicating in doing so that Mrs. Cauble and Mrs. Taylor were not liable under V. S. C. S. arts. 4629a–4629d. If these articles of the statute are to con-

trol the disposition of this case, Mrs. Snodgrass cannot be held liable for any part of the indebtedness beyond that incurred for necessaries, and in view of the decision in Dickinson et al. v. Griffith Lumber Co. (Tex. Civ. App.) 213 S. W. 341, and other cases in line with the holding there, we are not prepared, until some definite pronouncement by the Supreme Court declaring the effect of V. S. C. S. arts. 4629a–4629d, to state what would be the measure and extent of her liability.

[2, 3] Two writs of attachment were issued and the appellant moved to quash. The court sustained the motion as to the first attachment and overruled it as to the second. The first ground for quashing the second attachment is that the affidavit is made before a notary public who is the attorney for appellee. This contention is without merit. Lundy v. Little (Tex. Civ. App.) 227 S. W. 538; Forest Oil Co. v. Wilson (Tex. Civ. App.) 178 S. W. 626. The next ground is that the attachment proceedings are defective because plaintiff's attorney signed the amended original petition as attorney for W. B. Snodgrass only. This contention is also without merit. The third ground is that the affidavit states that all of the debt is due, while the allegations in the petition show that one note had not matured. This is not a fatal defect. Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470. The affidavit may be amended in this particular. Donnelly v. Elser, 69 Tex. 282, 6 S. W. 563.

[4, 5] Exceptions were urged to the petition because it showed that Mrs. Snodgrass had not conveyed all of her property, and because it failed to allege her insolvency. Where the conveyance is for a valuable consideration the burden ordinarily is upon the creditor to show the debtor's insolvency. McWhorter v. Langley (Tex. Civ. App.) 220 S. W. 364; Greer v. Richardson, 1 Tex. Civ. App. 634, 20 S. W. 1127. Where there is a prima facie showing of fraud, it is held that the burden under the language of the Texas statute is on the grantee to show that the grantor had sufficient property to pay all indebtedness. Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600; Zuckerman v. Munz, 48 Tex. Civ. App. 337, 107 S. W. 78. We incline to the opinion that under the particular facts of this case, where the petition shows that the appellant had not transferred all of her property, the appellee should have alleged her insolvency, because, if the land still on hand was sufficient to pay her debts, the conveyance is not necessarily fraudulent. Youngblood v. Hoeffle (Tex. Civ. App.) 201 S. W. 1057; Rector v. Continental Bank, (Tex. Civ. App.) 180 S. W. 309; Walker v. Loring (Tex. Civ. App.) 34 S. W. 405; Id., 89 Tex. 668, 36 S. W. 246; Collett v. H. & T.

C. Ry. Co. (Tex. Civ. App.) 186 S. W. 232, 27 Cyc. §§ 249–251. The general rule in other jurisdictions is that the creditor must allege and prove insolvency, although the burden upon that issue may shift upon proof of other material facts. 27 Cyc. pp. 770, 771; Id., §§ 145, 157, 169, 736, 749.

[6] The facts alleged do not show that the appellee bank has an equitable lien upon any of the property. No express contract for a lien is alleged, and no implied contract arises from the facts as stated. Jordan v. Jordan (Tex. Civ. App.) 154 S. W. 359. The intent to create a lien does not arise from a mere loan by a bank in the ordinary course of its dealing with a borrower, where the latter takes the title to property purchased with the borrowed fund in his own name, even though it was intended that the fund should be so used. Ruhl v. Kauffman & Runge, 65 Tex. 723; Simkins, Equity, 336.

[7] A prior creditor, who sues for his debt and acquires a lien by attachment upon specific property of his debtor, and in that suit seeks to set aside a conveyance by the debtor of such property as fraudulent, and to subject it to the payment of his debt is held to be a creditor within the meaning of V. S. C. S. arts. 3966 and 3967. Cassaday v. Anderson, 53 Tex. 527; Stevens v. Cobern, 109 Tex. 574, 213 S. W. 925; Shirley v. Waco Tap Ry. Co., 78 Tex. 131, 10 S. W. 543; Dittman v. Weiss, 87 Tex. 614, 30 S. W. 863; Arbuckle Bros. Coffee Co. v. Werner, 77 Tex. 43, 13 S. W. 963.

Because the court directed a verdict, and refused to submit the issues to the jury, the judgment is reversed, and the cause remanded.