**NELSON v. LYON–GRAY LUMBER CO. (No. 3108.)**

(Court of Civil Appeals of Texas. Texarkana. Oct. 22, 1925.)

1. **Fraudulent conveyances** ⬤⟹117—**Pledge of stock given to secure indebtedness by insolvent debtors, with intent to hinder and delay creditors, is not invalidated, if of no greater value than reasonably necessary.**

If stock pledged by debtors to creditor, under agreement to replace other stock of same value, was of no greater value than reasonably necessary to secure payment of indebtedness, fact that debtors were insolvent at time pledge was made, and intended thereby to hinder and delay other creditors, would not invalidate pledge, notwithstanding pledgee knew of such insolvency and intent.

2. **Fraudulent conveyances** ⬤⟹300(7)—**Evidence held not to warrant finding of jury as to value of stock.**

In suit to set aside sale of stock under pledge, on ground that it was made to hinder and delay creditors, *held* that evidence did not warrant finding of jury as to value of stock.

3. **Fraudulent conveyances** ⬠➞321(1)—Judgment creditor is not entitled to priority over creditor with whom stock had been pledged as security, in proceeds of such stock under sale ordered by court.

Where debtor had, in accordance with agreement to substitute stock, given as security for indebtedness, pledged certain shares, in suit to set aside sale thereunder as fraudulent, *held* that judgment creditor who had not acquired lien on stock had no priority over pledgee in distribution of proceeds of sale of stock ordered by court.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Suit by the Lyon-Gray Lumber Company against Mrs. Harve P. Nelson and others. From a judgment for plaintiff, defendant named appeals. Reversed and remanded.

J. E. Nelson and J. F. Morris borrowed $2,000 of appellant, and placed $2,500 worth of the capital stock of the Porter Leather Goods Company with her to hold as security for the repayment of the loan. Later appellant returned said stock to Nelson and Morris and permitted them to sell it, on their promise to place with her a like amount (she testified, and the jury found) of the capital stock of the Greenville Printing Company to hold as such security. Still later (to wit, on July 6, 1923, it appears from a written instrument constituting a part of the record sent to this court) said Nelson and Morris placed 1,999 shares of the capital stock of said printing company with appellant and the First National Bank of Greenville, to secure the repayment of said loan and the payment of $1,875 which they owed the bank. It was provided in the written instrument referred to that, if Nelson and Morris failed to pay said indebtedness to appellant and the bank according to the tenor of promissory notes evidencing same, appellant and the bank might sell the stock at either public or private sale and be the purchasers thereof at the sale. Nelson and Morris having defaulted in the payment of the indebtedness, the bank, on August 9, 1923, sold the stock at private sale to appellant; the consideration being the amount of Nelson's and Morris' indebtedness to her and her assumption of the payment of their indebtedness to the bank, amounting together to about $3,800. This suit was by appellee as plaintiff against appellant, said Nelson and Morris, and said bank, as defendants. It was to set aside the sale of the stock to appellant, on the ground that it was fraudulent as to appellee, in that it was made to hinder and delay appellee in the collection of a judgment it owned against said Nelson and Morris for the sum of $1,738.66, interest and costs, and to subject the stock to execution on said judgment. On findings made by a jury in response to special issues submitted to them, and findings of his own, the court rendered judgment as fol-

lows: (1) Setting aside the sale to appellant so far as it was of 1,749 of the 1,999 shares of stock; (2) in appellant's favor against Nelson and Morris for $2,367.60, and directing a sale of 250 of the 1,999 shares of stock, and the application of the proceeds thereof to the satisfaction of said $2,367.50; (3) in the bank's favor against said Nelson and Morris for $1,650, and directing a sale of the remaining 1,749 of the 1,999 shares and the application of the proceeds thereof to the payment, first, of the costs of the suit, second, the sum adjudged in favor of the bank, third, the sum of $1,941 due on appellee's judgment, and, fourth, any balance due appellant remaining unpaid after applying the proceeds of a sale of the 250 shares of stock on the sum adjudged to her. The appeal was prosecuted by appellant, Mrs. Harve P. Nelson, alone.

H. L. Carpenter, of Greenville, for appellant.

Wantland, Dickey & Glasgow, of Henrietta, and J. S. Dickey, of Wichita Falls, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] If the value of the stock of the printing company, pledged by Nelson and Morris to secure the payment of their indebtedness to appellant and the bank, was no greater than was reasonably necessary for the purpose, the facts (as found by the jury) that said Nelson and Morris were insolvent at the time they made the pledge, and that they intended thereby to hinder and delay appellee in the collection of its judgment, did not invalidate the pledge, nor the sale of the stock thereunder, notwithstanding (as further found by the jury) appellant knew of such insolvency and intent. Ellis v. Valentine, 65 Tex. 532; Haas v. Kraus, 86 Tex. 687, 27 S. W. 256; Bruce v. Koch, 94 Tex. 192, 59 S. W. 540; Drug Co. v. Shields, 20 Tex. Civ. App. 274, 48 S. W. 882; Moore v. Robinson (Tex. Civ. App.) 75 S. W. 890.

[2] The face value of the 1,999 shares of stock was $19,990, but the jury found the market value thereof at the time it was sold to appellant under the pledge to be $6,750—about $2,950 in excess of the amount of the indebtedness it was pledged to secure. Such an excess, if the testimony warranted a finding that it existed, we think would have authorized the conclusion of the trial court that the sale to appellant was fraudulent. But appellant insists, and we agree, the testimony did not warrant such a finding. If there was any testimony at all showing the *market* value of the stock, it was that of the defendant Morris as a witness that it was "worth less than 10 per cent. on the dollar." Ten per cent. of the face value of the 1,999 shares of stock would have been $1,999, an amount considerably less than the indebtedness of Nelson and Morris to appellant alone. Viewing that as the value of the stock, it is obvious

that the conclusion of the trial court that the pledge and sale of the stock thereunder was fraudulent was not warranted.

The only other testimony as to the value of the stock was that of witnesses to the effect that the property belonging to the printing company was worth from $5,000 to $7,000, and that its indebtedness was $4,125. If that testimony should be treated as testimony the jury had a right to consider in determining the *market* value of the stock, it still must be said that it did not warrant their finding that such value was $6,750. There was no testimony showing the net earnings of the printing company, or any other facts which would justify a finding that its capital stock was worth a sum in excess of the difference between the value of its property and the amount of its indebtedness. Such difference, it seems from the testimony referred to, would be less than $3,000, whereas the indebtedness the stock was pledged to secure amounted to more than $3,800.

It follows from what has been said that we think appellant's first, second, and third assignments of error should be sustained.

[3] The contention presented by the fourth assignment is that the trial court erred when he determined that appellee was entitled to have its judgment paid out of the proceeds of the sale he ordered of the 1,749 shares of stock, before anything should be paid to appellant out of such proceeds. We think the contention is a meritorious one, and should be sustained. It was not shown that appellee had in any way acquired a lien on the stock, and therefore it did not appear that appellee was entitled to priority over appellant in the distribution of the proceeds of the sale of the stock ordered by the court. Coffee Co. v. Werner, 77 Tex. 43, 13 S. W. 963; Ziska v. Ziska, 20 Okl. 634, 95 P. 254, 23 L. R. A. (N. S.) 1, note pages 26 to 31.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.