## PERKINS v. UNION PACKING CO., Inc.
### No. 3513.

Court of Civil Appeals of Texas. El Paso.
March 25, 1937.

Rehearing Denied April 22, 1937.

G. B. Fenley and Atlas Jones, both of Uvalde, for appellant.

Ditzler H. Jones, of Uvalde, for appellee.

HIGGINS, Justice (after stating the case as above).

Those assignments are overruled which attack the fact findings of the trial court above stated. Such findings are supported by competent evidence.

Appellant presents the point that her pleas in abatement should have been sustained because plaintiff's claim had not been reduced to judgment; all parties were nonresidents, and defendants had not been served with citation, and the principal defendants, H. L., William G., and Lee A. Perkins, had not entered their appearance in the cause.

■ Under the practice in this state a simple contract creditor may sue the debtor; attach property conveyed by the debtor in fraud of creditors, and in the action join the vendee; have the conveyance set aside and the attachment foreclosed upon the property. Stevens v. Cobern, 109 Tex. 574, 213 S.W. 925; Snodgrass v. Brownfield State Bank (Tex.Civ.App.) 251 S.W.

567; Cassaday v. Anderson, 53 Tex. 527; Shirley v. Ry. Co., 78 Tex. 131, 10 S.W. 543; Dittman v. Weiss, 87 Tex. 614, 30 S. W. 863; Arbuckle Bros., etc., Co. v. Werner, 77 Tex. 43, 13 S.W. 963; Citizens' State Bank v. McShan (Tex.Civ.App.) 172 S.W. 565.

■ The nonresidence of all the parties to this litigation presents no reason why the nonresident plaintiff is not entitled to the same right of action and remedy to enforce the same in the courts of this state. Ward v. McKenzie, 33 Tex. 297, 7 Am.Rep. 261.

The fact that the court in this case had no jurisdiction over the persons of the principal defendants, H. L., William G., and Lee A. Perkins, and for that reason could not render a personal judgment against them upon their debt, is unimportant. The nonresidence of a defendant is one of the grounds which authorizes the issuance of a writ of attachment. Article 275, subd. 2, R.S.

The issuance of the writ in this case and its levy upon the land gave the court jurisdiction as in actions in rem with power to render judgment establishing the plaintiff's debt, setting the deeds aside, foreclosing the attachment lien upon the land, and ordering such land sold in satisfaction of the debt. 33 Tex.Jur., Process & Notice, § 43.

■ Appellant pleaded the two-year statute of limitations. She assigns error to the overruling of the plea, citing cases holding that the filing of a suit against a nonresident does not suspend the running of the statute. Lynch v. Ortleib, 87 Tex. 590, 30 S.W. 545; Zarate v. Ateca (Tex. Civ.App.) 99 S.W.(2d) 628, and cases there cited.

Those cases were actions in personam.

Here the action is in rem, and jurisdiction over the res acquired within the two-year period.

The quashing of the first attachment on August 29, 1935, did not operate to abate the suit, for the land had not been replevied, and under article 303, R.S., it remained in the hands of the sheriff pending final disposition of the case. The order quashing the attachment conformed to the statute, wherefore jurisdiction over the res was not completely lost, and was entirely restored by the subsequent attachment issued in a reasonable time and again levied upon the same land.

The first attachment was merely a defective process, but operated to suspend the running of the statute of limitations. In this connection see August Kern, etc., Co. v. Freeze, 96 Tex. 513, 74 S.W. 303.

 Appellant's motion to quash the second writ should have been sustained because the bond upon which it was based was less than double the debt sworn to be due in the affidavit for the writ. Article 279, R.S.; East, etc., Co. v. Warren & Son, 78 Tex. 318, 14 S.W. 783.

H. L., William G., and Lee A. Perkins are the principal defendants in the action, but appellant is also a defendant, and it is sought by plaintiff to subject to the payment of its debt land which the other defendants have conveyed to her. She therefore had the right to move to quash the attachment because of the insufficiency of the bond. The Leader, Inc., v. Elder Mfg. Co. (Tex.Com.App.) 39 S.W.(2d) 880; Nail v. Compton (Tex.Com.App.) 55 S.W. (2d) 1028.

Appellant presents a number of other propositions, none of which are regarded as showing reversible error. It is deemed unnecessary to discuss the same.

The overruling of the motion to quash the second attachment is the only reversible error shown by the record.

Reversed and remanded.